■ JOAQUIN DE IBERO, Respondent, v. ISABEL DE IBERO, Appellant.— In an action to impress a trust on real property, defendant appeals from a judgment of the Supreme Court, Nassau County, entered December 30, 1968 after a nonjury trial, which, *inter alia,* canceled a deed to defendant and directed her to account to plaintiff. Judgment reversed, on the law, without costs, and action remitted to the trial court for further proceedings not inconsistent herewith. The findings of fact below have not been affirmed. In our opinion, the trial court failed to make an essential finding upon which the rights of the parties depend. Plaintiff testified that, when he was hospitalized because of a stroke, his wife, the defendant, gave him for his signature a document the nature of which he did not know, but which he did know was to be used in connection with a loan to him which defendant had arranged with a third person. The document, signed by plaintiff, was a power of attorney, which defendant thereafter used in securing the loan, by transferring to the lender, as collateral, plaintiff's shares of stock in an automobile sales agency. In addition, the power of attorney was used by defendant in conveying to herself, individually, the parties' marital home then held by them as tenants by the entirety. Defendant testified, and other evidence tends to support her proof, that plaintiff intended that she use the power of attorney in conveying the marital home to herself, individually, in order to place that property beyond the reach of plaintiff's creditors. However, at the trial's end, the court, in granting plaintiff judgment, stated that "the Court does not find that the execution of the power of attorney by Mr. DiIbero on the 18th day of March, 1963, was with the express purpose or intent that by that power of attorney his wife would be authorized to deliver the deed to the house in her name for her sole use and occupancy and benefit; that if there was any intention on his part for her to utilize this power of attorney for that purpose, it was solely for the limited purpose of protecting this house from his personal creditors and creditors of his business, and was not the intention on his part or with the design that this house would be forever removed from his control and possession, use and benefit." In our opinion, the trial court failed to make an essential finding of fact upon which the rights of the parties depend (CPLR 4213, subd. [b]). It failed to find, either affirmatively or negatively, whether plaintiff had intended that defendant use the power of attorney to convey the marital home to herself. The findings made may be read to mean that the court (1) concluded that' plaintiff had intended that defendant use the power of attorney in connection with the loan and (2) did not in fact decide whether plaintiff had intended that the power of attorney be used by defendant to convey the marital property to herself, but also concluded that, if plaintiff did intend the latter use, then the fact that his purpose was to hinder creditors did not disable him in this action from reacquiring his legal interest in the property ·(*contra, Pattison* v. *Pattison,*

301 N. Y. 65). Hence, we should remit this action to the trial court in order that the essential finding lacking may be made and that thereafter a judgment consistent with the court's findings may be entered. Brennan, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.