OPINION OF THE COURT
David T. Gibbons, J.
Motion by defendants, for summary judgment dismissing plaintiff’s action, is granted.
The defendant Association for the Help of Retarded Children (AHRC), purchased a home in the Village of Freeport for the purpose of establishing a community residence for eight mentally retarded young women, pursuant to the provisions of the Mental Hygiene Law and the regulations of the New York State Department of Mental Hygiene. As a provider of such local services, the defendant, AHRC, is a licensed and authorized agency of the State.
The "community residence”, in question here, is not an *1049 "institution”, "boarding house”, or "multiple dwelling”. Rather, as defined in subdivision 28 of section 1.03 of the Mental Hygiene Law, it is a "residential facility * * * designed * * * to provide a long-term supervised residence to individuals whose mental disability is such that independent living is improbable”. In accordance with this statutory scheme, the eight young retarded women are to live as a family unit with "house parents”, a married couple paid to live with the women and supervise them.
The plaintiff, Incorporated Village of Freeport, maintains that such an arrangement is in violation of its zoning laws and constitutes an illegal use of a single-family dwelling in a residential "A” district. Under its local ordinances, the Village of Freeport defines a family as "one or more persons related by blood, marriage or adoption, living and cooking * * * as a single housekeeping unit” (Unified Code of Ordinances of the Village of Freeport, § 24.3, ch 24).
It is a proper purpose of local zoning ordinances to set aside and maintain certain districts as "residential” in character, and to restrict those uses which would conflict with a stable, uncongested single-family environment (Village of Belle Terre v Boraas, 416 US 1), and the Village of Freeport may properly limit the uses in a residential "A” district to single-family units.
However, in defining a "family” as "persons related by blood, marriage or adoption”, the village zoning ordinance unnecessarily restricts the concept of the family unit, and is contrary to the holding in City of White Plains v Ferraioli (34 NY2d 300, 305) that "zoning is intended to control types of housing and living and not the genetic or intimate internal family relations of human beings”.
The "community residence” concept as envisioned by the Department of Mental Hygiene, and as here attempted by defendant, AHRC, clearly intends the creation of a family unit, living as a single housekeeping unit. It is not an "institution”, but rather is designed to replace the usual institutional setting. Such a "community residence” bears the generic character of a family unit as a relatively stable and permanent household and is consonant with the life-style intended for a family-oriented neighborhood, and thus conforms to the purpose of the village zoning ordinance (City of White Plains v Ferraioli, supra; Little Neck Community Assn. v Working Organization for Retarded Children, 52 AD2d 90).