■ STEVEN GWERTZMAN, Appellant, v KATHERINE COBB, Respondent.—In a defamation action, plaintiff appeals from an order of the Supreme Court, Westchester County, entered November 18, 1976, which granted defendant's motion to dismiss the action and denied his cross motion to vacate the default and restore the case to the Trial Calendar. Order affirmed, with $50 costs and disbursements. It makes no practical difference whether the defendant's motion was granted under CPLR 3216 or CPLR 3404, as the criteria used to vacate dismissals under either section are the same (see *Ruggiero v Elbin Realty,* 51 AD2d 1011). Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.

■ LEON S. HARRIS, Appellant-Respondent, v HARRIET HARRIS, Respondent-Appellant.—In a matrimonial action, the parties cross-appeal from a judgment of divorce of the Supreme Court, Kings County, entered April 15, 1977. Action remanded to the Trial Justice for the making of findings of fact and conclusions of law, and appeal held in abeyance in the interim. In remanding this case for the Trial Justice to make detailed findings and conclusions, we again call attention to the requirement of CPLR 4213 (subd [b]) that: "The decision of the [trial] court * * * shall state the facts it deems essential." Only by compliance with the requirement can there be intelligent judicial review upon appeal *(De Ibero v De Ibero,* 33 AD2d 804; *Matter of Incorporated Vil. of Babylon [Honsberger],* 36 AD2d 768, 769). Shapiro, J. P., Hawkins, Suozzi and Mollen, JJ., concur.

■ MORTON HAVES, as Receiver in Foreclosure for the FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v LONGWOOD ASSOCIATES et al., Respondents.—In an action by a receiver in foreclosure to set aside a stipulation of settlement and the judgment entered thereon, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated May 26, 1977, which dismissed the complaint for failure to state a cause of action. Order reversed, with $50 costs and disbursements, and motion denied. The time within which defendants may serve their answer is extended until 20 days after entry of the order to be made hereon. The dismissal of the complaint was improper. Each of the three causes of action alleges facts and legal theories which might result in recovery. Therefore the plaintiff should not be summarily precluded from presenting his case (see *Curren v O'Connor,* 304 NY 515). In addition, dismissal of the complaint was contrary to the import of our prior decision in *Matter of Longwood Assoc. v Board of Assessors of Vil. of Massapequa Park* (58 AD2d 581), where we affirmed Special Term's determination that the stipulation of settlement, discontinuing with prejudice the tax certiorari proceeding for the 1974/1975 tax year, and the judgment entered thereon, could not be set aside by motion because questions of fact which required a plenary action were involved. Damiani, J. P., Hawkins, Suozzi and O'Connor, JJ., concur.

■ INCORPORATED VILLAGE OF FREEPORT, Appellant, v ASSOCIATION FOR THE HELP OF RETARDED CHILDREN et al., Respondents.—In an action to restrain the defendants from violating certain provisions of the Zoning Ordinance of the Village of Freeport, the plaintiff appeals from an order of the Supreme Court, Nassau County, dated March 9, 1977, which granted the defendants' motion for summary judgment. Order affirmed, without costs or disbursements, on the memorandum decision of Mr. Justice Gibbons at Special Term. Hopkins, J. P., Latham, Titone and O'Connor, JJ., concur.