■ In the Matter of WEST 90s/WEST 100s NEIGHBORHOOD COALITION, INC., et al., Appellants, v RICHARD C. SURLES, as Commissioner of the New York State Office of Mental Health, Respondent, et al., Respondent-Defendant. [613 NYS2d 908] — Order and judgment (one paper), Supreme Court, New York County (Lewis Friedman, J.), entered March 9, 1994, which, insofar as appealed from, dismissed the first and second causes of action in the hybrid CPLR article 30/article 78 petition and declared that the adoption in February of 1991 of certain amendments to 14 NYCRR part 586 was within the authority granted by the New York State Legislature, unanimously affirmed, without costs.

Contrary to petitioners-plaintiffs contention, the regulations challenged merely implement a broadly articulated legislative goal and were adopted pursuant to statutory authority *(see, e.g., Matter of Rainbow Beach Assn. v New York State Dept. of Health,* 187 AD2d 891). Respondent is authorized to establish and maintain community residences that are "homelike" (Mental Hygiene Law § 1.03 [28]) and the subject facility will be consistent with the legislative mandate, since its residents will function as a "family unit, living as a single housekeeping unit" in a way "designed to replace the usual institutional setting" *(Incorporated Vil. of Freeport v Association for Help of Retarded Children,* 94 Misc 2d 1048, 1049, *affd* 60 AD2d 644).

We have considered the remaining arguments raised by petitioners-plaintiffs, and find them to be without merit. Concur—Murphy, P. J., Wallach, Kupferman and Williams, JJ.