THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v. ROCCO SPINA et al., Defendants, FRANK N. LAINO, Defendant.— Memorandum: A bill of particulars is sought by the defendant Laino with respect to the seventh and eighth counts of the indictment. The seventh count of the indictment charges that the defendants Laino and Bollettieri, each aiding and abetting the other, committed the crime of grand larceny in the first degree, in the following manner: "From on or about January 1, 1953 continuously and systematically and as part of a common scheme or plan to on or about December 31, 1958," the defendants unlawfully obtained more than $500 from the City of Utica by causing the City of Utica to pay the Laino-Fisk Tire Service for tires which were never delivered to the city and for tires of a grade superior to that of the tires actually delivered. The eighth count of the indictment charges the defendants Laino and Bollettieri with the crime of fraudulently presenting bills or claims to public officers for payment in violation of section 1872 of the Penal Law. This count apparently relates to the same transactions as those covered by the seventh count. The indictment concludes with the allegation that all of the acts or transactions stated in all of the counts are " connected together and constitute parts of a common scheme or plan ". Even under a simplified indictment, the defendant is entitled to a bill of particulars only " of such particulars as may be necessary to give the defendant and the court reasonable information as to the nature and character of the crime charged ", but not " stating items of evidence " (Code Crim. Pro., § 295-h). A similar test should be applied to a request for a bill of particulars addressed to the discretion of the court in connection with a long-form indictment. Since the charge is that the defendants obtained money from the city continuously and systematically by means of a common plan or scheme, we are of the opinion that the indictment sufficiently informs the defendants of the nature and character of the crime charged by alleging the nature of the plan or scheme and the period of time during which it was carried out. The defendant Laino is not entitled to a bill of particulars of the prosecutor's theory of proof or of the evidence which he intends to introduce. All concur, except Williams, P. J., who dissents and votes to grant the motion in the following memorandum: I would grant defendant's motion for a bill of particulars. The information sought would be helpful to defendant in any event, but if the case is tried on the basis of specific acts and items, the particulars requested would be necessary to enable him to prepare an adequate defense. No harm can be done by giving the particulars requested as distinguished from the grave and serious harm which might result from failure to do so. I realize that this is not the determining factor, but it is something that should be

weighed and considered. We should not speculate on the manner in which the District Attorney will present his case, nor on the legal theories that he will employ. If upon any proper method of presentation available to the District Attorney, the information will be necessary or even reasonably helpful in the defense of the accused, it should be given. It should be remembered that our order of denial is intermediate and cannot be reviewed short of a conviction. It is no answer to say that defendant has already seen all these papers. He is entitled to know which ones will be relied upon. As has often been said, a criminal prosecution is not a game but should be an effort on both sides to produce justice. I see no harm in letting the defendant learn what he can of the District Attorney's theories and plans as to the method of presentation of the case, in advance of trial. (Motion under section 149 of the Judiciary Law, with permission by Halpern, J., for a bill of particulars.) Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.

■ PAUL T. MYERS et al., Respondents, v. LEHIGH VALLEY RAILROAD COMPANY et al., Appellants.— Present — Williams, P. J., Goldman, Halpern, McClusky and Henry, JJ.