THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ANDREW IRVINE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 29, 1971, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered. The findings of fact below have not been considered. In our opinion, the trial court erred in its refusal to permit a defense witness, who had testified that the complainant had told her, "Your friend beat me", to explain the meaning of the term "beat" in "street language". This testimony seemed to be corroborative of the complainant's testimony that defendant and another person had physically assaulted him. However, the witness would have testified that, as used idiomatically, "beat" means to steal or to commit a fraud. As so used, the complainant's statement would have been consistent with the defense that the complainant had concocted the story of the robbery because defendant had, in effect, swindled him. Such an explanation would have been admissible under the general rule that lay witnesses can testify as to the meaning of statements (cf. *Facey* v. *Merkle,* 146 Conn. 129) and that when words have a doubtful, hidden or ambiguous meaning, the person who used them may testify as to their meaning, as may all persons who heard them (see *Shepard* v. *Brewer,* 248 Mo. 133). The misconception left with the jury as to the purport of the complainant's remarks may well have affected the verdict, in view of the remarks made by two jurors, immediately after the verdict was rendered and during the taking of defendant's pedigree, who indicated that their consciences had been bothering them and that there had been doubt in their minds about the verdict. In addition, and under the special circumstances here, the denial of the defense motion for employment of an investigator was an improvident exercise of discretion. The defense sought to establish that the complainant had testified falsely in order to avenge defendant's act of procuring money from him upon the false assertion that defendant would use the money to purchase drugs upon his behalf. This alleged deal was purportedly worked out in a billiard parlor whose denizens had refused to speak to defendant's attorney. The statute authorizes the procurement of such services as a city expense (County Law, §§ 722-c, 722-e). This seems a fitting case for application of the statute (cf. *People* v. *Mencher,* 42 Misc 2d 819). Rabin, P. J., Shapiro and Benjamin, JJ., concur; Latham and Christ, JJ., dissent and vote to affirm.