■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM D. DIBBLE, Appellant.— Appeal from a judgment of the County Court of Ulster County, rendered March 13, 1974, upon a verdict convicting defendant of the crime of robbery in the second degree. The defendant, William Dibble, was arrested on March 27, 1972 for operating a car without a license pursuant to section 501 (subd. 4, par. a) of the Vehicle and Traffic Law. Dibble was taken into custody, photographed and fingerprinted. One of the pictures taken was identified that day by Cornelius Salata as the man who had robbed his store on March 9, 1972. Dibble was arrested for armed robbery before he was released from jail. At the trial, Salata made an in-court identification of the defendant, as he already had at a *Wade* hearing and at the first trial (the first trial ended in a jury disagreement). Salata testified that on March 9, 1972, about 8:30 P.M., a white male entered his store in Eddyville, walked to the counter where the cash register was located, pointed what appeared to be a pistol at him, and demanded the money in the register. Salata complied with the robber's request. He testified that he got a good look at the robber in his well-lighted store. He also got a look at the rear of the robber's car, described as " a yellowish car with rectangular tail lights ". The defendant's defense consisted of an alibi to the effect that he was home in bed with an illness at the time of the robbery. This defense was supported by three witnesses and was controverted by the prosecution through rebuttal testimony. Upon this appeal the defendant contends that the trial court committed reversible error by admitting into evidence a photograph taken pursuant to his initial arrest for driving a car without a license, and evidence of the subsequent identification by the victim of the defendant from such photograph as the photograph was either the fruit of an illegal arrest or because photograph identification should not have been permitted when a lineup identification was possible. The defendant also contends that the trial court abused its discretion in limiting his cross-examination of a prosecution witness in regard to the witness's mental capacity as related specifically to the use of drugs. Upon this record, it does not appear that the demeanor of the witness at the trial was such as to have raised some issue as to his then mental capacity, and it is readily apparent that at most the testimony sought to be elicited on cross-examination would relate solely to the credibility of the witness. While cross-examination of a witness should not be unduly limited (*People* v. *Carr*, 23 A D 2d 670; *People* v. *Phonveille*, 22 A D 2d 814) even if error were com-

mitted by the trial court in this particular case, the evidence of the defendant's guilt as established through the testimony of the victim of the robbery is such as to negate any probability of prejudice which would inure in the jury verdict. Accordingly, the defendant is not entitled to a new trial. Upon the present record, it was established that the arrest of the defendant for a traffic misdemeanor because he was operating a motor vehicle without a license was not a sham and was a perfectly legitimate arrest. It is not to be denied that where an arrest is for a technical criminal violation such as vagrancy, if the same is solely a manipulative pretext for detaining a defendant for the purpose of investigating another crime which he is suspected of having committed, then the defendant's constitutional rights attach at the time he is taken into custody. (See *People* v. *Malloy,* 22 N Y 2d 559.) While it seems reasonably certain that the defendant's car was stopped because it was similar to a description furnished by the victim of the robbery, there is nothing to indicate that the arrest of the defendant for driving without a license was either a sham or a manipulative pretext. Pursuant to CPL 160.10 (subds. 2, 3), a police officer making an arrest for an offense may cause photographs to be taken where such officer "reasonably suspects" that the person is being sought for the commission of some other offense. Upon the present record, it would appear that the police officer had good reason to *suspect* that the defendant was the unidentified perpetrator of the robbery which occurred on March 9, 1972. It does not appear that the events which occurred in regard to the unlicensed operating of a motor vehicle could be characterized as an illegal detention or a manipulative pretext which might render the photographs taken of the defendant impermissible for use in identification procedures. (Cf. *Davis* v. *Mississippi,* 394 U. S. 721.) The record does not establish that the use of the photographs for identification was in any way suggestive and, accordingly, the method of identification would not be impermissible. The defendant contends that the identification should be set aside because the preferred method of a lineup was not used. However, a lineup is not an essential part of identification procedures as long as the procedure utilized is not so suggestive as to prohibit an independent in-court identification of the defendant. Upon the present record, the victim had ample opportunity to observe the defendant in well lighted conditions and there simply is no basis for striking the in-court identification. Inasmuch as the identification procedures utilized in this case have not been found to violate any of the constitutional or statutory rights of the defendant, the contention of the respondent that there had been a waiver by the defendant of his right to question the identification procedures need not be considered as it is academic. Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Main and Reynolds, JJ., concur.