THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROL TAYLOR and ELIZABETH TAYLOR, Appellants.

Second Department, April 28, 1980

### APPEARANCES OF COUNSEL

*Joseph F. DeFelice* for Carol Taylor, appellant.

*Ernest H. Hammer* for Elizabeth Taylor, appellant.

*John J. Santucci, District Attorney (John H. Larsen* of counsel), *for respondent.*

### OPINION OF THE COURT

MOLLEN, P. J.

The defendants, who are unrelated, stand convicted of murder in the second degree, conspiracy in the first degree and criminal solicitation in the first degree. The jury found that, acting in concert, they conspired to kill defendant Carol Taylor's husband, they unsuccessfully solicited one Anthony Pasquarelli to commit the murder, and they later succeeded in hiring a gunman who shot the victim to death. Both defendants now appeal.

■ The judgments should be affirmed.

The evidence as to the charges of conspiracy and solicitation was overwhelming and included testimony of Pasquarelli, who had personally refused entreaties to kill the deceased. As to the murder charge itself, the People offered evidence establishing motive, prior attempts to solicit persons to commit the homicide, and an aborted effort to lure the deceased to the bungalow where, several days later, he met his death. (See *State v Plyler,* 153 NC 630, 633; 40 CJS, Homicide, § 239.) This proof, when coupled with the additional circumstantial evidence adduced at trial and with testimony recounting inculpa-

tory statements made by both defendants, was legally sufficient to support the jury's verdict of guilt on the murder count. It is of no significance that the People were unable to establish the identity of the slayer himself. A person who induces or hires another to commit a crime may be convicted as a principal notwithstanding the fact that the identity of the actual perpetrator remains unknown. (See *People v Kelly,* 11 App Div 495, 496-497; *Hanley v State,* 85 Nev 154, 160-161; *Von Patzoll v United States,* 163 F2d 216, 219; 41 CJS, Homicide, § 322.)

Although we affirm the convictions, we are constrained to express our strong disapproval of one aspect of the pretrial proceedings which, under different circumstances, might well have required reversal.

From the inception of this prosecution, the District Attorney's theory has been that the deceased had been murdered, not by the defendants themselves, but by someone they hired to commit the crime. Nevertheless, the indictment charged that: "[t]he defendants * * * acting in concert on or about March 13, 1976 * * * with intent to cause the death of Herbert Taylor caused his death by shooting him with a pistol."

Prior to trial, the defendants sought a bill of particulars, asking, *inter alia,* that the prosecutor "[s]et forth whether the theory of the People is that the defendants shot the deceased or whether they hired someone to do so." The District Attorney, arguing that the defendants were seeking disclosure of evidentiary matters, opposed their request, and the court denied it. This was error.

In *People v Iannone* (45 NY2d 589), two defendants claimed that the indictments by which they were charged were defective because they failed to state facts constituting a crime. The Court of Appeals rejected that contention, observing that (p 599): "[The challenged indictments] charge each and every element of the crime * * * and allege that the defendants committed the acts which constitute [the] crime at a specified place during a specified time period. No more is needed."

The court noted further that "[w]hen indicting for statutory crimes, it is usually sufficient to charge the language of the statute" *(id).*

The indictment at bar, in the language of the statute, charged the elements of murder and alleged that at a specified time and place the defendants committed acts which consti-

tuted that crime. Hence, the indictment was sufficient under the test announced in *Iannone*. (See, also, *People v Fitzgerald*, 45 NY2d 574; *People v Bliven*, 112 NY 79; *People v Katz*, 209 NY 311; *People v Liccione*, 63 AD2d 305.)

The holdings of *Iannone* and of the cases upon which it relied, however, were predicated upon the principle that where an indictment contains only a bare minimum of factual allegations the defendant is entitled to obtain *as of right* additional information by way of a bill of particulars. Indeed, in *Iannone*, the court issued a specific warning in that regard. The court wrote (45 NY2d, at p 599): "A word of caution is in order. It is beyond cavil that a defendant has a basic and fundamental right to be informed of the charges against him so that he will be able to prepare a defense. Hence the courts must exercise careful surveillance to ensure that a defendant is not deprived of this right by an overzealous prosecutor attempting to protect his case, or his witnesses. Any effort to leave a defendant in ignorance of the substance of the accusation until the time of trial must be firmly rebuffed. This is especially so where the indictment itself provides a paucity of information. In such cases, the court must be vigilant in safeguarding the defendant's rights to a bill of particulars and to effective discovery. Should the prosecutor decide to use an indictment which, although technically sufficient, does not adequately allow a defendant to properly prepare for trial, he may well run afoul of the defendant's right to be informed of the accusations against him."

In the case at bar, the defendants sought to compel the District Attorney to reveal whether they were charged with actually shooting the deceased or instead with hiring someone else to commit the crime. Criminal Term upheld the prosecutor's refusal to provide that information on the ground that the request called for the disclosure of matters of evidence.

CPL 200.90 (subd 3) provides: "If the court is satisfied that any or all of the items of information requested are necessary to enable the defendant adequately to prepare or conduct his defense, it *must* grant the motion as to every such necessary item and order the people to file and serve a bill of particulars accordingly. Nothing contained in this section, however, authorizes an order for a bill of particulars which requires the people to recite matters of evidence." (Emphasis supplied.)

The statute does not define "matters of evidence," but some courts have expressed the view that the theory of the People's

case is evidentiary in nature and therefore need not be disclosed. (See, e.g., *People v Spina,* 14 AD2d 505; *People v Sommer,* 77 Misc 2d 840, 845; *People v Einhorn,* 75 Misc 2d 183, 190.) What constitutes the "theory" of a case is not entirely free from doubt and may be open to varying interpretations from one case to the next. It suffices to say, however, that whatever protection the statute affords to the "theory" of the People's case can never operate to prevent disclosure of the facts ultimately to be established but only the manner in which the prosecutor intends to prove them. To hold otherwise would be to compromise the defendant's right to fair notice of the accusations against him—a right with firm constitutional as well as statutory underpinnings. *(People v Iannone,* 45 NY2d 589, *supra; People v Farson,* 244 NY 413; *People v Armlin,* 6 NY2d 231, 234.) This is particularly true where, as in the instant case, the allegations contained in the indictment are misleading as to the exact nature of the acts charged.

Standing alone, the indictment here did not afford the defendants notice of the particulars of the murder charge sufficient to enable them to prepare a defense. It alleged that they themselves had shot the deceased causing his death; it neither mentioned the involvement of a third person nor suggested that the murder had actually been committed by someone hired by the defendants. Under such circumstances, a bill of particulars amplifying the precise nature of the accusation was constitutionally required. The defendants' request, therefore, should have been granted. (Cf. *People v Mackey,* 49 NY2d 274.)

Although this error would ordinarily compel reversal, that result is not required under the circumstances present here. The defendants' convictions followed a second trial after the first had ended in a mistrial declared virtually at the conclusion of the People's case. Hence, when the second trial began, the defendants were fully informed and aware of the nature of the prosecution's evidence. No claim of surprise was made; no adjournment to prepare a defense was requested. Plainly, then, the defendants suffered no prejudice as a result of the denial of their request and, accordingly, the error must be deemed harmless beyond a reasonable doubt.

We have considered the other points raised by the defendants and find them to be without merit.

TITONE, MANGANO and O'CONNOR, JJ., concur.

Two judgments (one as to each defendant) of the Supreme Court, Queens County, both rendered September 5, 1978, affirmed.