*447
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 Defendant, as landlord, collected security deposits in the sum of $100 from each of 139 tenants in a housing project owned by him. Upon the appointment of a receiver in a foreclosure action and a demand by the receiver that defendant turn over to him all security deposits as required by General Obligations Law § 7-105, defendant responded that he no longer was in possession of the deposits. Defendant was arrested and charged with failing to comply with General Obligations Law § 7-105, a misdemeanor.
 

 The evidence at trial indicated that soon after the tenants occupied the project, extensive damage occurred due to vandalism and defective building materials. Defendant testified that he spent the entire sum of the security deposits to repair the damage. The jury returned a verdict of guilty, and the Morrisville Village Court imposed a nine-month prison sentence. Madison County Court, sitting as an intermediate appellate court, reversed the conviction and dismissed the information on the grounds that the People had failed to prove an element of the crime, i.e., that defendant was in possession of security deposits at the time the receiver was appointed, and that the People had failed to timely file a bill of particulars.
 

 We reverse, noting that no issue was raised concerning culpable mental state (Penal Law § 15.15 [2]). General Obligations Law § 7-105 provides in relevant part that:
 

 “1. Any person * * * whether the owner or lessee of the property leased, who or which has or hereafter shall have received from a tenant *** a deposit or advance of rental as security * * * shall, upon * * * the judicial appointment and qualifying of a receiver * * * deal with the security deposits as follows:
 

 “Turn over * * * to the receiver * * * the sum so deposited * * *
 

 “2. * * * The provisions of this section shall not apply if the agreement between the landlord and tenant * * * is inconsistent herewith.
 

 “3. Any failure to comply with this section is a misdemeanor.”
 

 To establish a prima facie case under General Obligations Law § 7-105, the People must show only that the defendant, in his capacity as landlord, collected security deposits from the tenants; that a receiver was judicially appointed; and that the receiver made a demand for the security deposits that was not complied with by the landlord. When these elements are established, the defendant may nonetheless raise as a defense that he
 
 *448
 
 no longer possessed the funds at the time the demand was made and that the funds were used in a manner provided for in the lease, albeit inconsistent with the statute.
 

 Here, the evidence showed that defendant used the entire amount of the security deposits to repair damage to the project. Under the terms of the leases entered into with each of the tenants, however, the $100 security deposit was to be divided into two parts of $50 each. One part was designated “as security that the tenant will do everything required of the tenant in this lease.” The second part was intended “to provide a fund for equal assessment against all tenants to pay for repairs to the common areas * * * only when damages cannot be recovered from the party at fault.” Assuming that defendant would not have been successful in recovering damages from the responsible individuals, it remains that he wrongfully applied the entire amount of the security deposits, and thus violated the statutory mandate by his failure to turn over those deposits not disposed of in accordance with the lease provisions. Accordingly, it was error for the County Court to dismiss the information on the ground that defendant was not in possession of the security deposits.
 

 County Court also abused its discretion in grounding its dismissal on the People’s failure to timely file its bill of particulars. Neither side precisely followed the procedures for discovery set forth in CPL 200.95. Defendant shows no prejudice resulting from the People’s late filing of their answers or from their failure to answer the question whether they alleged that defendant was in possession of the security deposits. County Court based its dismissal on its erroneous view that possession is an element of the crime and that defendant was left without sufficient information to proceed to trial.
 

 The order of County Court should be reversed and the case remitted to that court for consideration of the facts and other issues not previously addressed.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur in Per Curiam opinion.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and case remitted to Madison County Court for further proceedings in accordance with the opinion herein.