■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered April 11, 1983, as amended April 12, 1985, convicting him of manslaughter in the first degree, reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's pretrial motion as sought suppression of identification evidence.

Judgment, as amended, affirmed.

Defendant, among other things, moved to suppress the identifications which were based on photographic arrays on the grounds that the arrays were suggestive and the police should have conducted a lineup identification procedure because such a procedure would have been more accurate. That branch of the motion was denied and defendant claims error in that ruling. It appears that during the shooting in question the witnesses were able to observe the defendant for several minutes and that some of them had seen the defendant on occasions prior to the shooting, which enabled them to identify him from police photographs and at the trial. Although the preferred method of a lineup was not used, "a lineup is not an essential part of identification procedures as long as the procedure utilized is not so suggestive as to prohibit an independent in-court identification of the defendant" *(People v Dibble,* 46 AD2d 829, 830). Here, the photographic identification procedure was not suggestive and there was an independent basis for the in-court identification. Hence, Criminal Term did not err in denying suppression.

During the questioning of a witness, the prosecutor displayed a gun taken from the defendant at the time of his arrest. The court promptly warned the prosecutor not to flash the gun again. This was an overzealous act on the part of the prosecutor but the court's prompt action remedied the error. The overwhelming evidence presented by the People took the case out of the category where such an act would have been a fatal error.

Defendant also contends that it was error not to furnish him with a copy of the suppression transcript. The subject of defendant's application for a free transcript was addressed to the court on three occasions. On these occasions he was granted an opportunity to provide the court with sufficient proof of indigency, which he failed to do. Defense counsel had advised the court that defendant's wife indicated that she was making arrangements to obtain a transcript. However, she failed to do so. The denial of defendant's application for a free transcript was not error. Defendant, although afforded an opportunity to act with due diligence, failed to do so. Under such circumstances it may not be argued that a reversal is required because there was a failure to provide him with the transcript.

We have reviewed defendant's other contentions and find them to be without merit. Mollen, P. J., Niehoff, Rubin and Lawrence, JJ., concur.