■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT ELLIOTT, Appellant.

The significant issue in this circumstantial evidence case is whether the jury indulged in any unwarranted inferences in applying the reasonable hypothesis standard and whether the jury reached a reasonable determination of guilt beyond a reasonable doubt *(see, People v Giuliano,* 65 NY2d 766, 767-768; *People v Betancourt,* 111 AD2d 762, 763, *affd* 68 NY2d 707). Here the evidence viewed in the light most favorable to

the People shows that the defendant was guilty of violating Vehicle and Traffic Law § 415-a (1), (5) (a), and (b), that the jury did not indulge in any unwarranted inferences, and that it reached a reasonable determination.

The defendant is also incorrect in asserting that his trial counsel was ineffective because he failed to request a pretrial *Sandoval* hearing. The mere fact that the defendant's counsel did not engage in a pretrial procedure available to the defendant does not, in itself, indicate that the attorney was ineffective *(see, People v Jackson,* 110 AD2d 853; *People v Taylor,* 105 AD2d 814), and the circumstances of this case, viewed in totality and as of the time of the defendant's representation, reveal that the defendant received meaningful representation *(see, People v Baldi,* 54 NY2d 137, 147).

The claimed errors with respect to the trial court's charge on reasonable doubt and its failure to charge on reasonable doubt as requested by the defendant were not properly preserved for appellate review *(see, People v Whalen,* 59 NY2d 273, 280; *People v Dawson,* 115 AD2d 612; *People v Irazarry,* 114 AD2d 1041, 1042), and do not, under the circumstances of this case, warrant reversal in the interest of justice.

Similarly, the defendant's contentions that Vehicle and Traffic Law § 415-a (1) is not properly a strict liability offense, or that if it is, the felony penalty for the statute's violation is contrary to constitutional due process requirements, also have not been preserved for appellate review *(see, People v Elliott,* 65 NY2d 446, 447; *People v Oliver,* 63 NY2d 973, 975; *People v Singleton,* 107 AD2d 828; *People v Cates,* 104 AD2d 895, 897).

The recent case of *People v Burger* (67 NY2d 338, *cert granted*— US —, 93 L Ed 2d 20) is not applicable to the facts of this case. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.