■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK T. SCOTT, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Seidell, J.), rendered July 29, 1983, convicting him of murder in the second degree, manslaughter in the first degree, and attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his motion for a severance was erroneously denied. The record reveals that he and his codefendant made numerous oral and written admissions to the authorities concerning the crime. While these multiple statements were cross-inculpatory to some degree, they were so similar in describing the factual circumstances of the offenses that they interlocked. Hence, it is extremely unlikely that any prejudice to this defendant resulted from the admission of his codefendant's statements (see, *People v Cruz,* 66 NY2d 61, *cert granted* — US —, 106 S Ct 2888; *People v Brensic,* 119 AD2d 281; *People v Graham,* 120 AD2d 611). Therefore, the joint trial was proper.

Similarly unavailing is the defendant's contention that he was denied a fair trial as the result of the testimony by an Assistant District Attorney that the People had a "strong

case". Although the witness's statement of opinion was improper, the record clearly establishes that the challenged response was elicited on cross-examination only after defense counsel repeatedly questioned the witness as to his opinion concerning various aspects of the case *(see generally, People v Al-Kanani,* 33 NY2d 260, *cert denied* 417 US 916; *People v Blackshear,* 112 AD2d 1044; *People v Boxill,* 111 AD2d 399). Furthermore, the trial court promptly granted defense counsel's motion to strike the response and instructed the jury to disregard the opinion of the witness. Under these circumstances, the defendant was not unfairly prejudiced by the remark. Thus, his motion for a mistrial on this ground, made on the following day of trial, was properly denied.

Additionally, we note that the court did not err in denying the defendant's application for a free transcript of the pretrial suppression hearing for the defendant failed to substantiate his allegation of indigency and the evidence before the court indicated that he was in fact not indigent *(see, e.g., People v Brown,* 114 AD2d 855). Likewise, we discern no error in the admission of police photographs depicting the victim and the crime scene, as these exhibits were probative on the issue of intent and were also illustrative of the testimony of the People's forensic expert *(see, People v Pobliner,* 32 NY2d 356, *cert denied* 416 US 905; *People v Sims,* 110 AD2d 214; *People v Millson,* 93 AD2d 899).

We have considered the defendant's remaining contentions and find them to be without merit. Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.