■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL BIGNALL, Appellant. [600 NYS2d 560] —Judgment unanimously affirmed. Memorandum: The court properly refused to preclude the prosecution from introducing evidence concerning the conversations that occurred between the police officer and defendant at the door of the premises where the controlled substances were found. Those conversations were evidentiary material not required to be included in a bill of particulars. Moreover, the court properly refused to impose the sanction of preclusion because defendant did not show that he was prejudiced by the prosecutor's failure to provide

that information in a bill of particulars. Defense counsel was aware of the information, having previously been provided with a copy of the police officer's report and his testimony at the Grand Jury. Thus, he failed to show how the prosecutor's failure to furnish the information in a bill of particulars impeded defendant's ability to prepare for trial. When the prosecutor offered the testimony of the police officer at trial, defense counsel did not assert that he was unprepared to meet that testimony, nor did he ask for an adjournment to become prepared. In fact, in response to the officer's testimony, he presented the testimony of defendant, who denied that the conversations took place, and elicited upon cross-examination of another police officer, who was near the door at the time of the admission, that the officer did not hear the conversation.

Preclusion should not be granted in the absence of a showing of prejudice *(see, People v Elliott,* 65 NY2d 446, 448). It is a drastic remedy and should be considered only as a last resort, especially where a continuance would be appropriate *(People v Beam,* 161 AD2d 1153; *People v Emery,* 159 AD2d 992, *lv denied* 76 NY2d 787; *People v Hess,* 140 AD2d 895, *lv denied* 72 NY2d 957; *People v Eleby,* 137 AD2d 708).

We reject defendant's contention that the evidence was insufficient to prove that defendant possessed the controlled substances. From all of the circumstances, the jury could have reasonably inferred that defendant controlled the drug house where the substances were found.

The court correctly denied defendant's motion to suppress tangible evidence because defendant's motion papers were inadequate to require a hearing *(see, People v Pavesi,* 144 AD2d 392, 393, *lv denied* 73 NY2d 981; *see also, People v Vega,* 145 AD2d 924, *lv denied* 73 NY2d 984; *People v Lofton,* 129 AD2d 970, *lv denied* 70 NY2d 650).

The court correctly permitted the police officer to testify to the meaning of the terms used in his conversation with defendant *(see, United States v Cohen,* 518 F2d 727, *cert denied sub nom. Duboff v United States,* 423 US 926; *Parente v United States,* 249 F2d 752; *People v Portanova,* 56 AD2d 265; *People v Irvine,* 40 AD2d 560).

We have reviewed the other issues raised by defendant and find them to be without merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Lawton, Boomer and Boehm, JJ.