■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WIDEMAN, Appellant. [600 NYS2d 496] —Appeal by the defendant from a judgment of the County Court, Westchester County (Silverman, J.), rendered July 27, 1990, convicting him of assault in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The evidence established that the defendant, an inmate at Ossining Correctional Facility, assaulted a correction officer who was assigned to monitor inmate use of telephones. He was identified at both a *Wade* hearing and at trial as the assailant by two officers who were injured in the incident, both of whom had ample opportunity to observe him, and by a third officer who previously knew the defendant and saw him strike one of the officers. The trial court properly found that the injured officers had sufficient opportunity to view the defendant in the course of the incident to provide a source for their in-court identifications independent of certain tainted pretrial identification procedures *(see, People v Jones,* 125 AD2d 333).

The allegation in the People's amended bill of particulars

that the defendant's acts caused the officer substantial head and shoulder pain did not preclude the People from proving that the defendant struck and damaged the officer's eye; the requirement that the defendant have fair notice of the accusations against him was satisfied *(see, People v Iannone,* 45 NY2d 589).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The trial court permissibly exercised its authority to manage the conduct of the examination of witnesses by the defense counsel *(see, People v Harrison,* 151 AD2d 778) and did not exceed its broad discretion in limiting the nature of cross-examination *(see, People v Delgado,* 186 AD2d 579) so as to require a new trial *(see, People v Dibble,* 46 AD2d 829). Nor do we find that, viewing the record most favorably to the defendant *(see, People v Padgett,* 60 NY2d 142), the court's charge to the jury deprived the defendant of a fair trial.

The defendant's remaining contentions are unpreserved for appellate review or without merit. Thompson, J. P., Rosenblatt, Miller and Santucci, JJ., concur.