■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KARL MASTRANGELO, Also Known as KARL FULLER, Appellant. [612 NYS2d 1020] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of arson in the second degree and criminal mischief in the second degree, for setting fire to an occupied residence. Defendant contends that County Court erred in admitting into evidence statements made by defendant to his estranged wife that were protected by the marital privilege. We agree *(see,* CPLR 4502 [b]; *People v Fediuk,* 66 NY2d 881, 883). We conclude, however, that the error is harmless because the proof of defendant's guilt, which included admissions that defendant made to two other witnesses, is overwhelming. Thus, there is no

significant probability that the jury would have acquitted defendant had it not been for the error *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Williams,* 178 AD2d 958, 959, *lv denied* 79 NY2d 954).

We reject defendant's contention that the court erred in permitting the People to use testimony given by a witness at the preliminary hearing. There was a proper foundation made that the District Attorney's office had attempted with due diligence to locate that witness. The People properly demonstrated that the witness was unavailable and use of her preliminary hearing testimony was permissible *(see,* CPL 670.10; *People v Arroyo,* 54 NY2d 567, *cert denied* 456 US 979; *People v Nucci,* 162 AD2d 725, 726, *lv denied* 76 NY2d 862).

Considering the serious nature of defendant's crime in setting fire to a residence that was then occupied, we conclude that the court did not abuse its discretion in the imposition of its sentence. (Appeal from Judgment of Niagara County Court, DiFlorio, J.—Arson, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Boehm, JJ.