■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RENO JACKSON, Appellant. [624 NYS2d 967] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Quinones, J.), rendered October 2, 1992, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Although the People utilized evidence which had been omitted from the bill of particulars, the defendant was not prejudiced thereby, as he was not hampered in his ability to prepare a defense *(see, People v Charles,* 61 NY2d 321, 327; *People v Taylor,* 74 AD2d 177, 181). Further, the defendant was not prejudiced by the People's failure to disclose, prior to opening statements, a previous conviction of one of their witnesses, as the defendant had a meaningful opportunity to use this conviction to cross examine that witness *(see, People v Cortijo,* 70 NY2d 868, 870; *People v Brown,* 67 NY2d 555, *cert denied* 479 US 1093; *People v Smith,* 63 NY2d 41, *cert denied* 469 US 1227).

A review of the jury charge reveals that the trial court marshaled the evidence to the extent necessary to explain the application of the law to the facts *(see, People v Saunders,* 64 NY2d 665). Further, in the context of the entire jury charge, the challenged comments cannot be said to have prejudiced the defendant *(see, People v Canty,* 60 NY2d 830).

The defendant's remaining contentions, including those found in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.