■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK RAWLINGS, Appellant. [632 NYS2d 206] —Appeal by defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered August 31, 1993, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On May 6, 1988, when the defendant was firing his gun at Clarence Adams, with whom he had a dispute, a bystander was hit in the head by a stray bullet. Within minutes, the New York City Housing Police arrived at the scene and saw Robert Wise crouching over the bystander, who was fatally wounded. Wise, who was hysterically crying and screaming, told a police officer that the defendant did it. These circumstances justified the court's conclusion that Wise made the statement while under stress and that it was not the product of studied reflection. Accordingly, the trial court did not err in admitting the statement into evidence under the excited utterance exception to the hearsay rule *(see, People v Edwards,* 47 NY2d 493; *see also, People v Brooks,* 71 NY2d 877; *People v Brown,* 70 NY2d 513; *People v Davis,* 203 AD2d 300).

Later in the trial, Wise testified that he did not actually see the defendant shoot the deceased. Any error of the court in failing to strike the police officer's testimony of Wise's excited utterance was harmless, considering that the jury heard Wise's

testimony, on direct and cross-examination, as to what he did and did not see. Moreover, the defendant testified that he was at the crime scene firing his gun. Beyond that, three witnesses identified the defendant as the shooter.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Balletta, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.