■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM BROOKS, Appellant. [635 NYS2d 275] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lewis, J.), rendered May 19, 1993, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On October 13, 1992, at approximately 9:15 P.M., the complainant, an off-duty police officer, returned home and encountered the defendant coming out of his home, carrying a stereo cassette deck and a video camcorder. A neighbor overheard the complainant exclaim "You're coming out of my

house with my stuff, you're trying to rob my house". Then the complainant asked the neighbor to call the police. When the police arrived, the defendant was placed under arrest.

The complainant kept the camcorder and the cassette recorder and did not voucher them as evidence. At the trial, the defense counsel argued in his opening statement that the complainant manufactured testimony to justify the false arrest of the defendant, who was never in the complainant's home.

The defendant contends that he was prejudiced by the admission into evidence of the complainant's statement, which was overheard by the complainant's neighbor. We disagree. The defendant, from the commencement of the trial, took the position that the complainant had fabricated his testimony that he had seen the defendant carrying property from his home in order to justify a false arrest. The out-of-court statement, which was made prior to the defendant's arrest when the complainant had no motive to justify the arrest, was admissible to rebut the charge of recent fabrication (see, People v McClean, 69 NY2d 426, 428).

Moreover, the complainant's statement was admissible as evidence-in-chief under the excited utterance exception to the hearsay rule. The record amply demonstrates that the complainant was under the stress of excitement caused by an external startling event sufficient to still his reflective faculties at the time he uttered the challenged statement (see, People v Caviness, 38 NY2d 227, 230-231; People v Edwards, 47 NY2d 493, 497). Furthermore, there is nothing in the record to indicate that the complainant was any the less under the influence of stress and excitement because he was a police officer. In addition to being off-duty at the time of the event, the complainant testified that he was in fear for his own safety because he did not know if someone else was inside his house. Accordingly, it would have been proper for the trial court to have admitted this statement for the truth of the matter asserted under the excited utterance exception to the hearsay rule.

The defendant's remaining contention is without merit (see, People v Kennedy, 27 NY2d 551; People v Soto, 133 AD2d 787; People v Scott, 126 AD2d 582; People v Francis, 123 AD2d 714; People v Blackshear, 112 AD2d 1044). Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.