*961
 
 OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Following a jury trial, defendant was convicted of rape in the first degree (Penal Law § 130.35). Prior to trial, defendant moved to compel the complainant to submit to a psychiatric examination. In support of the motion, defendant’s attorney submitted an affidavit premised only on the assertion that, at the time of the rape, the victim had been taking the psychotropic medications Prolixin and Lithium. Supreme Court denied the motion, holding that defendant had not demonstrated a compelling need justifying a psychiatric examination of the victim. The Appellate Division affirmed on the basis that the trial court had no authority to order a psychiatric examination of the complaining witness.
 

 We do not reach the question whether a trial court has the power to order a complaining witness to submit to a psychiatric examination. Assuming without deciding that the trial court has such power, the defendant here failed to show record support for his claim that such an examination is compelled to ensure a fair trial
 
 (see, People v Passenger,
 
 175 AD2d 944;
 
 see generally,
 
 Note,
 
 Compulsory Psychological Examination In Sexual Offense Cases: Invasion Of Privacy Or Defendant’s Right%
 
 58 Fordham L Rev 1257 [1990]). Moreover, defendant’s psychiatrist, utilizing complainant’s psychiatric records, testified at length concerning complainant’s history of mental illness, including her propensity to become delusional when not taking her medications. The psychiatrist also indicated that he was able to render an opinion concerning complainant’s mental condition without having examined her.
 

 We have considered defendant’s remaining contention and conclude it is without merit.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Titone taking no part.
 

 Order affirmed in a memorandum.