■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUNIOR RAMCHARAN, Appellant. [670 NYS2d 339] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flug, J.), rendered March 4, 1997, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was not legally sufficient to support his conviction is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858, 859). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant correctly contends, and the People concede, that an audio tape recording of a phone call made by the complainant to the police emergency phone number was inadmissible under the present sense impression exception to the rule against hearsay. However, the People's contention that the tape was admissible under the "excited utterance" exception to the rule against hearsay and to rebut the defendant's claim of recent fabrication was properly preserved

for appellate review, as these theories were presented before the trial court (*see, People v Nieves,* 67 NY2d 125, 135-136; *People v Johnson,* 64 NY2d 617, 629; *People v Dodt,* 61 NY2d 408, 416). Here, the content of the phone call was admissible as an excited utterance (*see, People v Masas,* 244 AD2d 433; *People v Dingle,* 245 AD2d 386; *People v Rawlings,* 220 AD2d 541) and was also admissible to rebut the defendant's claim of recent fabrication (*see, People v Buie,* 86 NY2d 501, 510, citing *People v McDaniel,* 81 NY2d 10, 16; *People v Brooks,* 222 AD2d 600, 601).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Joy, J. P., Krausman, Florio and Luciano, JJ., concur.