■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLIEF VOZZO, Appellant. [724 NYS2d 842] —Judgment, Supreme Court, New York County (Harold Beeler, J.), rendered June 27, 1997, convicting defendant, after a jury trial, of rape in the first degree and sexual abuse in the first degree, and sentencing him to concurrent terms of 7 to 21 years and 2⅓ to 7 years, respectively, unanimously affirmed.

Since defendant made an unelaborated request for a psychiatric examination of the complainant, unaccompanied by any factual support, his claim that such an examination should have been granted is unpreserved (see, People v Tutt, 38 NY2d 1011). To the extent that defendant is claiming that the examination was compelled by Federal constitutional law, that claim is also unpreserved. We decline to review these claims in the interest of justice. Were we to review these claims, we would find, without deciding whether a trial court has the power to order a complainant in a sexual assault case to undergo a psy-

chiatric examination, that the record does not establish that such an examination was necessary to ensure a fair trial (*see, People v Earel*, 89 NY2d 960). Defendant was provided with a significant portion of the complainant's psychiatric records, which were examined by his expert. The expert was allowed to discuss the diagnosis and give his own opinion as to whether the complainant's behavior fit the pattern of a person with histrionic personality disorder (HPD). Moreover, portions of the complainant's psychiatric records were admitted into evidence for the jury's consideration. Lastly, the complainant was subjected to cross-examination relative to the information contained in her psychiatric records. Thus, the issue of the complainant's diagnosis of HPD was clearly placed before the jury, which was given more than sufficient information to assess the relevance of the disorder to the defense.

Defendant's contentions concerning the People's cross-examination of the defense expert and summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no basis for reversal (*see, People v Overlee*, 236 AD2d 133, *lv denied* 91 NY2d 976). Concur—Nardelli, J. P., Tom, Andrias, Rubin and Marlow, JJ.