■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT L. HENDRICKS, Appellant. (Appeal No. 2.) [771 NYS2d 441]—Appeal from an order of the Oneida County Court (Michael L. Dwyer, J.), entered May 19, 2003. The order denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction.

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered November 18, 1999. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), robbery in the first degree (two counts), and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts each of murder in the second degree (Penal Law § 125.25 [1], [3]) and robbery in the first degree (§ 160.15 [1], [2]), and one count of criminal possession

of a weapon in the fourth degree (§ 265.01 [2]). Contrary to defendant's contention, County Court properly allowed a lay witness to testify regarding the meaning of the term "stuck." "[W]hen words have a doubtful, hidden or ambiguous meaning, the person who used them may testify as to their meaning, as may all persons who heard them" (*People v Irvine*, 40 AD2d 560, 560; [1972] *see People v Bignall*, 195 AD2d 997, 998 [1993], *lv denied* 82 NY2d 891 [1993]). The court also properly permitted the People to elicit testimony regarding the robbery and beating of a witness by defendant prior to trial. "Evidence of threats made by the defendant against one of the People's witnesses, although evidence of prior bad acts, [is] admissible on the issue of consciousness of guilt" (*People v Pugh*, 236 AD2d 810, 812 [1997], *lv denied* 89 NY2d 1099 [1997] [internal quotation marks omitted]). We further conclude that there is no merit to the contention that defendant was deprived of a fair trial by prosecutorial misconduct on summation (*see People v Edwards*, 167 AD2d 864 [1990], *lv denied* 77 NY2d 877 [1991]). Defendant received effective assistance of counsel (*see People v Berroa*, 99 NY2d 134, 139 [2002]), and the sentence is not unduly harsh or severe. Defendant's remaining contentions are not preserved for our review (*see* CPL 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]). Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.