■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS L. GAINEY, Appellant. [771 NYS2d 404]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered May 14, 2001. The judgment convicted defendant, upon a jury verdict, of incest (18 counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of 18 counts of incest (Penal Law § 255.25). Contrary to defendant's contention, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to defendant's further contention, County Court properly allowed defendant's daughter to testify with respect to acts that predate those with which defendant was charged in order to explain the progressive nature of the sexual conduct. The court also properly allowed defendant's daughter to testify that defendant required her to engage in sexual acts on a regular basis when she returned home from college during holidays and summer vacations and that defendant threatened the use of his service weapon issued to him as a police officer in order to obtain her compliance with his demands. The court properly determined that the probative value of that testimony outweighed its potential for prejudice insofar as it established the element of forcible compulsion in the counts charging rape in the first degree (§ 130.35 [1]) and sodomy in the first degree (former § 130.50 [1]), of which defendant was acquitted, and explained the failure of defendant's daughter to report the crimes promptly (*see People v Chase*, 277 AD2d 1045 [2000], *lv denied* 96 NY2d 733 [2001]). The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contention and conclude that it is without merit. Present— Pine, J.P., Wisner, Scudder, Kehoe and Hayes, JJ.