THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL MARINACCIO, Appellant. [788 NYS2d 784]—

Appeal from a judgment of the Supreme Court, Erie County (Mario J. Rossetti, A.J.), rendered on July 2, 2003. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting

him after a nonjury trial of criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). Contrary to the contentions of defendant, the evidence is legally sufficient to establish that he had dominion and control over the area where the weapon was found (*see People v Torres*, 68 NY2d 677, 679 [1986]; *People v Pleczyj*, 254 AD2d 753 [1998], *lv denied* 92 NY2d 1052 [1999]; *People v Shambo*, 209 AD2d 1011 [1994], *lv denied* 84 NY2d 1038, 85 NY2d 980 [1995]), and the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). We agree with defendant that Supreme Court erred in allowing his wife to testify that he showed her the weapon on a prior occasion. "One spouse may not, without consent, disclose a confidential communication made by the other during marriage (CPLR 4502 [b]; CPL 60.10)" (*People v Fediuk*, 66 NY2d 881, 883 [1985]). "[A]cts as well as words may be the subject of communications" (*People v Melski*, 10 NY2d 78, 80 [1961]; *see People v Wilson*, 64 NY2d 634, 636 [1984]; *People v Beard*, 197 AD2d 582, 583 [1993], *lv denied* 82 NY2d 891 [1993]; *People v Yakoumakis*, 156 AD2d 499 [1989], *lv denied* 75 NY2d 926 [1990]). Here, the People did not rebut the presumption that the act of defendant in showing the weapon to his wife was confidential (*see generally Fediuk*, 66 NY2d at 883). The error, however, is harmless. "The proof of defendant's guilt was overwhelming and there is no significant probability that the [court] would have acquitted defendant had it not been for the error which occurred" (*People v Williams*, 178 AD2d 958, 959 [1991], *lv denied* 79 NY2d 954 [1992]; *see People v Mastrangelo*, 203 AD2d 942, 942-943 [1994], *lv denied* 83 NY2d 912 [1994]). Present—Scudder, J.P., Kehoe, Smith, Pine and Hayes, JJ.