■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIMOTHY P. RILEY, Appellant. [850 NYS2d 823]—

Appeal from a judgment of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), rendered July 10, 2003. The judgment convicted defendant, after a nonjury trial, of rape in the first degree, rape in the second degree, rape in the third degree (two counts), sexual abuse in the second degree, sodomy in the second degree and sodomy in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a bench trial, of various sex crimes. The record belies the contention of defendant that he was deprived of his right to present a defense, including the right to present evidence concerning the reason of his accuser "to fabricate" her testimony, and the right to confront his accuser. Although the record establishes that there was a pretrial discussion concerning defense counsel's request for an examination of the victim pursuant to *People v Earel* (89 NY2d 960 [1997]) concerning her psychiatric condition, defense counsel ultimately chose not to pursue such a hearing. The record further establishes that defendant was not deprived of his right to present a defense or to confront his accuser, nor was he denied the right to effective assistance of counsel based on defense counsel's failure to pursue the *Earel* hearing. Defense counsel elicited testimony that the victim was not a truthful person, and he cross-examined the victim with respect to her numerous mental conditions. Additionally, Supreme Court, as the trier of fact, reviewed the victim's records from a mental health facility indicating that she was diagnosed with borderline personality disorder. We thus conclude that defendant failed to demonstrate the absence of a strategic or other legitimate explanation for defense counsel's decision not to pursue the *Earel* hearing (*see generally People v Benevento*, 91 NY2d 708, 712 [1998]).

The court properly allowed the People to present evidence of uncharged sexual offenses against the victim in order to establish the element of forcible compulsion with respect to the count of rape in the first degree (*see People v Gainey*, 4 AD3d 851 [2004], *lv denied* 2 NY3d 799 [2004]). The court also properly allowed defendant's wife to testify with respect to her observations of defendant's body. Those observations did not concern

"knowledge derived from the observance of disclosive acts done in [her] presence or view" (*People v Daghita*, 299 NY 194, 199 [1949]) but, rather, they were merely observations concerning defendant's physical characteristics (*cf. id.* at 198-199; *People v Marinaccio*, 15 AD3d 932, 933 [1962]). Finally, the court did not err in allowing the People to cross-examine defendant on the issue whether he rented or purchased adult videos. Defendant opened the door to such questioning when he testified on direct examination that he once possessed an adult video given to him by a coworker (*see generally People v Van Kuren*, 1 AD3d 960 [2003], *lv denied* 1 NY3d 635 [2004]), and the People merely sought to elicit testimony that defendant had a membership card for an X-rated video store. Present—Scudder, P.J., Martoche, Peradotto, Pine and Gorski, JJ.