■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIA ZURITA, Appellant. [883 NYS2d 577]—

Appeal by the defendant from a judgment of the County Court, Orange County (DeRosa, J.), rendered May 9, 2008, convicting her of endangering the welfare of a child, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Orange County, for further proceedings pursuant to CPL 460.50 (5).

We reject the defendant's contention that the prosecution changed its theory of the case after the County Court dismissed the count of rape in the third degree (*see People v Albanese,* 45 AD3d 691 [2007]). The evidence presented at trial was consistent with the People's amended bill of particulars as well as the information presented to the grand jury (*see People v Sommerville,* 30 AD3d 1093 [2006]; *People v Wieber,* 202 AD2d 789 [1994]). Accordingly, the defendant had "fair notice" of the accusations against her (*People v Grega,* 72 NY2d 489, 496 [1988]; *see People v Wideman,* 195 AD3d 582 [1993]).

We also reject the defendant's contention that the People's amended bill of particulars was deficient. A criminal bill of particulars is not a discovery device, but merely serves to clarify the indictment (*see People v Davis,* 41 NY2d 678, 680 [1977]; *People v Earel,* 220 AD2d 899 [1995], *affd* 89 NY2d 960 [1997]). A bill of particulars therefore need not set forth the evidence that the People intend to introduce at trial (*see People v Earel,* 220 AD2d at 899; *People v Bignall,* 195 AD2d 997, 997-998 [1993]; *People v Spina,* 14 AD2d 505 [1961]). Here, the defendant failed to demonstrate that the People's amended bill of particulars caused any prejudice to her ability to adequately prepare for, and defend herself at, the trial (*see People v Bignall,* 195 AD2d at 997-998; *cf. People v Carney,* 222 AD2d 1006 [1995]), as evidenced by, inter alia, defense counsel's summation to the jury.

Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for exercising her right to proceed to trial (*see People v Davis,* 27 AD3d 761 [2006]; *People v Carillo,* 297 AD2d 288 [2002]). It is "to be anticipated that sentences handed out after trial may be more severe than those proposed in connection with a plea" (*People v Pena,* 50 NY2d 400, 412 [1980], *cert denied* 449 US 1087 [1981]). Moreover, the sentence imposed was not excessive (*see People v Felix,* 58 NY2d 156 [1983]; *People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Spolzino, J.P., Dillon, Miller and Dickerson, JJ., concur.