■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER WORLD, Appellant. [932 NYS2d 720]—

The trial court properly permitted the complainant's friend to testify, under the "prompt outcry" exception to the hearsay rule, that the complainant told the friend that she had been raped (*see People v Shelton*, 1 NY3d 614, 615 [2004] [internal quotation marks omitted]; *People v McDaniel*, 81 NY2d 10, 16 [1993]; *People v Verrilli*, 69 AD3d 963 [2010]).

The trial court properly admitted evidence of uncharged crimes committed by the defendant since this evidence was inextricably interwoven with the narrative of events, and since it was necessary background information to explain to the jury the relationship between the defendant and the complainant (*see People v Vails*, 43 NY2d 364 [1977]; *People v Dahlbender*, 23 AD3d 493 [2005]; *People v Samlal*, 292 AD2d 400 [2002]). To the extent that the testimony in question exceeded the scope of the trial court's ruling, the trial court's prompt curative instructions were sufficient to mitigate any possible prejudice (*see People v Alexander*, 50 AD3d 816, 817 [2008]).

The defendant's challenges to the alleged instances of prosecutorial misconduct in the opening statement and in summation are unpreserved for appellate review (*see People v Masaguilar*, 86 AD3d 619, 620 [2011]; *People v Muniz*, 44 AD3d 1074 [2007]; *People v Jenkins*, 38 AD3d 566, 567 [2007]). In any event, most of the remarks now challenged on appeal were proper. Although some of the prosecutor's comments in summation were improper, they constituted harmless error (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Ortiz*, 46 AD3d 580, 581 [2007]). Florio, J.P., Hall, Austin and Cohen, JJ., concur.