The Supreme Court did not improvidently exercise its discretion in denying the defendant’s request for an adjournment in order to seek the medical opinion of an expert witness. The defendant failed to show that the witness’s anticipated testimony would be favorable to him and not merely speculative, and that he exercised good faith and diligence in attempting to secure the witness’s presence at trial (see People v DeCampoamor, 91 AD3d 669, 671 [2012]; People v Nunez, 199 AD2d 285 [1993]).
The defendant’s challenges to the alleged instances of prosecutorial misconduct in the opening statement and in summation are unpreserved for appellate review (see People v World, 89 AD3d 966, 967 [2011]; People v Masaguilar, 86 AD3d 619, 620 [2011]; People v Muniz, 44 AD3d 1074 [2007]). In any event, most of the remarks now challenged on appeal were proper. Although some of the prosecutor’s comments were improper, they constituted harmless error (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v World, 89 AD3d at 967; People v Ortiz, 46 AD3d 580, 581 [2007]).
*816 We also reject the defendant’s contention that the People’s amended bill of particulars was deficient. A criminal bill of particulars is not a discovery device, but merely serves to clarify the indictment (see People v Davis, 41 NY2d 678, 680 [1977]; People v Zurita, 64 AD3d 800, 801 [2009]; People v Earel, 220 AD2d 899 [1995], affd 89 NY2d 960 [1997]). A bill of particulars therefore need not set forth the evidence that the People intend to introduce at trial (see People v Zurita, 64 AD3d at 801; People v Earel, 220 AD2d at 899; People v Bignall, 195 AD2d 997, 997-998 [1993]). Here, the defendant failed to demonstrate that the People’s amended bill of particulars caused any prejudice to his ability to adequately prepare for, and defend himself at, the trial (see People v Zurita, 64 AD3d at 800; People v Bignall, 195 AD2d at 997-998).
The Supreme Court properly precluded the defendant from eliciting testimony from a police officer that the defendant made a certain self-serving, exculpatory statement to her. “ ‘The general rule is that a party’s self-serving statement is inadmissible at trial when offered in his or her favor, and it may not be introduced either through the testimony of the party or through the testimony of a third person’ ” (People v Roberts, 94 AD3d 1151, 1151 [2012], lv denied 19 NY3d 976 [2012], quoting People v Oliphant, 201 AD2d 590, 590-591 [1994]; see People v Haddock, 79 AD3d 1148, 1149 [2010]; People v Pearson, 28 AD3d 587 [2006]). Moreover, although “a declaration against the penal interest of the maker” is admissible because “a statement asserting matters directly endangering one’s penal interest by admitting facts that may lead to criminal liability is unlikely to be deliberately false” (People v Settles, 46 NY2d 154, 167 [1978]), the defendant’s statement that he had a “dispute” with the complainant was too ambiguous to be against penal interest or to be judged either trustworthy or reliable (see People v Simmons, 84 AD3d 1120, 1121 [2011]).
The defendant’s remaining contentions are without merit. Eng, PJ., Rivera, Hall and Sgroi, JJ., concur.