THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WHITESTONE BOOSTERS CIVIC ASSOCIATION, INC., Defendant.

City Magistrate's Court of New York, Borough of Queens, Municipal Term, January 28, 1948.

*George J. Regan* for defendant.

*John P. McGrath, Corporation Counsel (James Hurley* of counsel), for plaintiff.

THOMPSON, M. Defendant, a membership corporation and lessee of a strip of shore front property in Whitestone, County of Queens, is charged with maintaining a bathing establishment in violation of section 340 of the Sanitary Code of the City of New York. The property which is a small strip of beach and upland is enclosed by a substantial wire fence and is owned by The Whitestone Land Improvement Co., Inc., a stock corporation. The directors of the defendant corporation and the landlord corporation are interlocking. The defendant corporation leases the land for $100 per year plus taxes and permits use of said shore front to its members and their guests for stipulated admission sums. Some 16,000 residents and property owners in Whitestone are eligible for membership in the defendant corporation. Less than 10% of those eligible are members and a very small percentage of them individually own shore front property. The premises are not equipped with facilities required by section 340 of the Sanitary Code nor has a permit been issued by the Board of Health to maintain a bathing establishment. Defendant contends that the premises are not used as a bathing establishment pursuant to section 340 of the Sanitary Code, that it comes within the exception therein provided, and further that said section 340 is unconstitutional.

Section 340 defines a bathing establishment as "premises, or parts thereof, where: (1) bathing is permitted * * *. This section shall not include * * * shore fronts * * * used only by the owner or his family * * *." That bathing is permitted on the instant shore front property and that said premises are principally a bathing establishment is found as a fact. The evasive testimony offered in behalf of the defendant only gives lie to any other conclusion as do the exhibits received in evidence on the trial.

The contention that defendant corporation is principally composed of members who are also stockholders in the landlord stock corporation, and as such are owners of the shore front property and thereby may take protection under the exception heretofore mentioned with respect to an owner or his family, is without merit. Such an interpretation of the word " owner " would permit and encourage a ruse of the law. While statutes which are penal in nature and in derogation of common law must be strictly construed, the words of a statute must not be

misinterpreted to flout the very reason for its existence, nor to encourage the act it seeks to prohibit or regulate. Regard to designed remedy or a statute must be paid and it is well founded as a principle of law in this State that a public health statute should be liberally construed. (*People* v. *Frudenberg,* 209 N. Y. 218 [1913] ; *People* [*Newman*] v. *Murray,* 174 Misc. 251 [1940].)

Section 340 certainly does not contemplate that 16,000 holders of stock certificates in a corporation owning a bathing establishment of small area shall be considered an exception to the general governing regulation. Rather, it contemplates that use of such a bathing establishment by some 16,000 persons is a matter of public interest, and that an individual owner of shore front and his family is the exception. It contemplates that for such public use rigid requirements concerning safety appliances and disease contamination be met. The menaces of pollution, tidal currents, and inadequate supervision are serious indeed when so many thousands are affected. Section 558 of the New York City Charter empowers and requires the Board of Health to act in such cases where public health is in jeopardy and it is here held that section 340 is a reasonable and constitutional exercise of such power.

The defendant's contention that the instant premises cannot be a bathing establishment because facilities required by the code and regulations thereunder have not been provided, is frivolous.

Motion to dismiss on ground People have not made out a case beyond a reasonable doubt is denied and defendant corporation is found guilty as charged.