■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN

BAIER and ALFRED SLUISMAN, Appellants.—Appeals by defendants from two judgments of the County Court, Nassau County, one as to each defendant, both rendered January 19, 1978, convicting each of them of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree, endangering the welfare of a child, and criminal possession of a weapon in the fourth degree (three counts), upon a jury verdict, and imposing sentences. Judgments reversed, on the law, and new trial ordered. Defendants were indicted for, *inter alia,* rape in the first degree and sodomy in the first degree. The complainant, 15 years old at the time of the alleged crimes, had an extensive history of mental illness necessitating lengthy periods of hospitalization. Diagnosed as suffering from "schizophrenia, chronic, undifferentiated type", and an in-patient at the time of the trial, the complainant's symptoms included withdrawal, anxiety and hallucinations. As a result, the complainant's mental condition, her ability to distinguish fact from fantasy, her capacity to take an oath and her general credibility were critical factors which permeated the trial. Prior to swearing her, the trial court sought to determine her competency to testify (see *People v Parks,* 41 NY2d 36, 45-46; see, also, Richardson, Evidence [Prince, 10th ed], § 389). Moreover, upon the People's application, the trial court allowed a clinical psychologist who had personal knowledge of the complainant's condition by virtue of having worked extensively with her, to testify before the jury. The sole purpose of the psychologist's testimony was to help the jury in evaluating the complainant's credibility by providing an objective, factual framework for the jury to perceive the complainant's mental illness. Although the complainant's voluminous mental health and hospital records were subpoenaed by the defendants, the trial court denied the defendants access to such records for cross-examination purposes on the ground that they were largely irrelevant. On appeal, the defendants challenge the testimony of the psychologist entirely, or in the alternative, if the testimony was proper, then defendants argue that the trial court should have ordered the complainant to be examined by a court-appointed psychiatrist or a defense psychiatrist who then should have been allowed to testify, and finally the defendants also attack the trial court's denial of access to the complainant's mental health records for the purpose of cross-examination. We agree with the defendants that their right to a meaningful and effective cross-examination was impeded by the trial court's failure to allow them use of the hospital records and, hence, a new trial is warranted (see *Davis v Alaska,* 415 US 308, 315-317). In *People v Parks* (41 NY2d 36, *supra),* the Court of Appeals indicated that where the mental health of the victim of a crime is a critical issue in the case, then it was permissible, in the trial court's discretion, to allow the testimony of an individual who had personal familiarity with the victim. The purpose of such testimony was, however, expressly limited to aiding the jury in evaluating the complainant's credibility by providing objective guidelines to perceiving her mental condition and, by extension, her testimony itself (see *People v Parks, supra,* pp 46-50). In the case at bar, since the issue of the mental health of the complainant, obviously a key witness, permeated the trial, it was entirely proper for the clinical psychologist to have testified directly under the *Parks* authority. Equally clear is the fact that the trial court committed no error in its denial of an examination of the complainant by either a court-appointed psychiatrist or a defense psychiatrist. The *Parks* court repeatedly emphasized the need that this additional witness have "personal knowledge" of the complainant's infirmity *(People v Parks, supra,* pp 47-48), and not merely be well versed in the general field. This recognizes the fact that, while the complainant's *credibil-*

*ity* is in issue, she *herself* is not on trial, and a balance consequently must be struck between the necessity to protect the rights of the mentally impaired, and the right of the defendant to a fair trial (compare *Matter of Brown v Ristich,* 36 NY2d 183, 191-192, with *People v Al-Kanani,* 33 NY2d 260, 264). We do agree, however, that the trial court committed reversible error in refusing to grant the defendants access to the mental health and hospital records of the complainant. Without such records, the defendants were in no position to evaluate the veracity of the clinical psychologist's professional conclusions by resort to her own records; the denial operated to severely handicap what constituted their *pivotal* defense for cross-examination purposes (see *People v Mandel,* 61 AD2d 563, 572-573, 587; *People v Lowe,* 96 Misc 2d 33, 36-37; cf. *People v Cwikla,* 46 NY2d 434, 441). Given the complainant's history of mental illness and her account of the crimes, the error cannot be deemed harmless on this record. We have examined the other contentions raised by defendants and find them to be without merit. Hopkins, J. P., Damiani, Titone and Mangano, JJ., concur.