■ In the Matter of PUTNAM LAKE COMMUNITY COUNCIL BATHING BEACHES, Appellant, v DEPUTY COMMISSIONER OF HEALTH OF THE STATE OF NEW YORK, Respondent. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Deputy Commissioner of Health of the State of New York which found petitioner guilty of certain violations and imposed a fine in the amount of $1,000, the petitioner appeals from a judgment of the Supreme Court, Putnam County (Dickinson, J.), dated August 20, 1982, which, *inter alia,* dismissed the proceeding. Judgment affirmed, with $50 costs and disbursements. Petitioner, a not-for-profit organization comprised of landowners living on approximately 1,400 plots of land surrounding Putnam Lake, was served by respondent with a notice of violations of Part 6 of the New York State Sanitary Code (10 NYCRR 6.1 *et seq.*). A hearing was held on October 15,

1980 at which time the question reviewed was whether Putnam Lake was a bathing beach within subdivision (d) of section 6.1 of the code so as to be subject to its provisions. Subdivision (d) of section 6.1 provides (10 NYCRR 6.1 [d]): "The term *bathing beach* shall mean a bathing place, together with buildings and appurtenances if any and the water and land areas used in connection therewith, at a natural pond, lake, stream or other body of fresh or of salt water which is used for bathing or swimming with the express or implied permission or consent of the owner or lessee of the premises or which is operated for a fee or any other consideration or which is openly advertised as a place for bathing or swimming by the public." Section 6.2 of the Sanitary Code provides that the requirements of Part 6 of the code do not apply to a private beach (10 NYCRR 6.2). The undisputed facts on the record indicate that no fee is charged at any of the eight beaches in question. Additionally, other than the family and friends of the landowners there are no third parties who are either expressly or impliedly permitted to use the beaches and lake. Notwithstanding the above facts, the beaches on Putnam Lake cannot be deemed "private" beaches within the meaning of section 6.2 so as to be excluded from the requirements of the Sanitary Code regulations (see 10 NYCRR 6.1, 6.2). As Special Term noted, inasmuch as some 1,400 fee owners as well as their families and friends use the eight beaches on Putnam Lake, the beaches are primarily public. To hold otherwise would frustrate the public policy considerations of the Public Health Law and the State Sanitary Code regulations promulgated thereunder. Pursuant to section 201 (subd 1, par [m]) of the Public Health Law, the Department of Health is empowered to supervise and regulate the sanitary aspects of bathing establishments. As a consequence, the Sanitary Code was enacted with the purpose of promoting and protecting the public health (see *Chiropractic Assn. of N. Y. v Hilleboe,* 31 Misc 2d 554). It cannot be gainsaid that nonregulation of the sanitary conditions of these eight beaches could pose a threat to the public health. Contrary to the petitioner's argument, this conclusion is not a strained interpretation of the statutory language. Laws and regulations governing public health should generally be liberally construed (*People v Frudenberg,* 209 NY 218; *People v Eisen,* 77 Misc 2d 1044, affd 79 Misc 2d 829; *People v Whitestone Boosters Civic Assn.,* 191 Misc 121, affd 274 App Div 806). Section 6.2 of the code provides that the requirements of the code relating to bathing beaches "shall not apply to a private swimming pool, bathing beach or other bathing facilities owned and/or maintained by an *individual for use of his family and friends*" (10 NYCRR 6.2; emphasis added). The intended purpose of the health regulations would not be furthered by including in this exemption the beaches in question. This is not a case of an individual lot owner with beach-front property where the expected number of persons using the beach would be insignificant from a health standpoint. In this case the potential users of these eight beaches, even with the exclusion of the "general" public, could number thousands of individuals. We do not believe that the Legislature intended to exclude that type of situation from the regulations. Statutes will be construed in such a manner that they may, as far as possible, attain the end in view. "Such statutes, therefore, will not be construed so as to advance a private interest at the expense of the public good" (McKinney's Cons Laws of NY, Book 1, Statutes, § 341; *People v Eisen, supra*). Accordingly, we agree with Special Term's finding that the within beaches are subject to the regulations of the Sanitary Code. O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.