■ In the Matter of FOREST PARK ASSOCIATION OF GREENWOOD LAKE, INC., Respondent, v M.J. SCHLEIFER, as Commissioner of Environmental Health of the Orange County Department of Public Health, Appellant.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Cowhey, J.), entered October 23, 1990 in Orange County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to close certain lakefront beaches in Orange County.

At issue in this CPLR article 78 proceeding, brought to compel respondent to exercise jurisdiction over beaches oper-

---

ated by petitioner on Greenwood Lake in Orange County, is whether the subject beaches constitute public bathing beaches subject to the provisions of 10 NYCRR subpart 6-2 *(see, Matter of Putnam Lake Community Council Bathing Beaches v Deputy Commr. of Health of State of N. Y.,* 90 AD2d 850). The State Sanitary Code defines a bathing beach as: "a bathing place, together with any buildings and appurtenances, and the water and land areas used in connection therewith, at a pond, lake, stream or other body of fresh or salt water which is used for bathing or swimming with the express or implied permission or consent of the owner or lessee of the premises or which is operated for a fee or any other consideration or which is openly advertised as a place for bathing or swimming" (10 NYCRR 6-2.2 [a]). The petition fails to allege the identity of the owner or lessee of the beach property or whether the beaches are used with the permission or consent of the owner or lessee, are operated for a fee or other consideration, or are openly advertised as a place for bathing or swimming. Moreover, as pointed out by respondent, the record contains no indication of the number of individuals who are entitled to or do use the beaches *(cf., Matter of Putnam Lake Community Council Bathing Beaches v Deputy Commr. of Health of State of N. Y., supra).* Absent these allegations, the petition and supporting affidavits and exhibits do not state facts sufficient to support the relief sought and, accordingly, the petition should have been dismissed.

Weiss, P. J., Levine and Mahoney, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.