In the Matter of MOTOR VEHICLE MANUFACTURERS ASSOCIATION OF THE UNITED STATES INC. et al., Appellants, v THOMAS C. JORLING, as Commissioner of the Department of Environmental Conservation of the State of New York, et al., Respondents.

Third Department, June 25, 1992

---

## APPEARANCES OF COUNSEL

*Harter, Secrest & Emery (Anthony R. Palermo* and *William H. Helfrich III* of counsel), for appellants.

*Robert Abrams, Attorney-General (Joan Leary Matthews* and *Helene G. Goldberger* of counsel), for respondents.

*James T.B. Tripp* for Environmental Defense Fund, and *David R. Wooley* for Center for Environmental and Legal Studies and another, *amici curiae.*

## OPINION OF THE COURT

Mikoll, J.

The primary question presented on this appeal is whether

Supreme Court properly held that the ECL confers upon the Department of Environmental Conservation (hereinafter DEC) authority to promulgate new regulations (6 NYCRR part 218) governing tailpipe emissions on new motor vehicles.[1]

In 1990, based upon a review of certain reports, DEC determined that adoption of new vehicle emission standards identical to those adopted by California, beginning with the 1993 model year in New York, would "significantly reduce air pollution in the most cost-effective manner under current conditions". DEC also issued a negative declaration with respect to the proposed 6 NYCRR part 218 regulations, concluding that adoption of the California emission control standards would not have a significant impact upon the environment. A "notice of adoption" for the part 218 regulations was filed on October 23, 1990 and published on November 7, 1990.[2] Petitioners subsequently commenced this combined CPLR article 78 proceeding and action for a declaratory judgment seeking, *inter alia,* to annul the part 218 regulations and enjoin respondent Commissioner of Environmental Conservation from enforcing them.

Petitioners have presented three arguments why they believe the Commissioner lacks statutory authority to promulgate the new regulations: (1) Federal law preempts States from setting emission control standards for new motor vehicles, (2) the enabling legislation relied upon by respondents applies only to *in use* vehicles, and (3) in the absence of specific legislative findings allowing such regulations, DEC has usurped the legislative prerogative in adopting the California standard and has thereby given up New York's sovereignty to California.

■ Petitioners' first argument, that the enabling legislation (ECL 19-0301 [1] [a]-[c]; [2] [a]; 19-0305 [2] [k]; 3-0301 [2] [n]) could not possibly have conferred authority upon DEC to enact the new part 218 regulations because at the time the enabling legislation was enacted (1972) Federal law prohibited States other than California from setting or regulating emis-

1. Although other issues were considered by Supreme Court, lack of authority is the only issue presented by petitioners in their brief. Petitioners did not brief their other challenges and these issues are deemed abandoned *(see, First Natl. Bank v Mountain Foods Enters.,* 159 AD2d 900, 901).

2. The new regulations were thereafter amended to provide that with respect to the 1993 model year, the regulations "will only be effective against those engine families that are produced more than two years from the effective date of November 22, 1990" (6 NYCRR 218-1.1 [a]).

sions standards relating to new vehicles (Clean Air Act § 208 [a]; 81 US Stat 502 [42 USC § 7543 (a)] [enacted 1967]), is rejected. The enabling provisions other than ECL 3-0301 (2) (n) were originally enacted in 1957 and 1966 (see, L 1957, ch 931, § 1 [adding Public Health Law § 1271 (1) (a), (b); (2) (c)]; L 1966, ch 902, §§ 4 [amending Public Health Law § 1271], 9 [adding Public Health Law § 1277 (2) (k)]) and recodified in the ECL in 1972 (L 1972, ch 664, § 2), and, thus, antedate the 1967 Federal prohibition. At most, the Federal prohibition between 1967 and 1977 restricted what DEC could do during that time but it did not limit the Legislature's power to grant to DEC the authority to set and regulate emissions standards for new motor vehicles when that option was or became available to DEC. While ECL 3-0301 (2) (n) authorizing DEC to "[s]tudy, monitor, control and regulate pollution from motor vehicle exhaust emissions" was not enacted until 1973 (L 1973, ch 400, § 3), the Legislature was not prohibited from granting such power to DEC. The Federal legislation merely prohibited DEC and the Commissioner from exercising that option during the years the prohibition was in effect.

Examination of the relevant statutes reveals that the necessary authority was granted to DEC. Under ECL 19-0301 (1) (a), DEC could "[f]ormulate, adopt and promulgate * * * regulations for preventing, controlling or prohibiting air pollution", including "controlling air contamination". DEC could also regulate "the extent to which air contaminants may be emitted to the air by any air contamination source" (ECL 19-0301 [1] [b] [2]) and could "[p]romulgate standards for * * * air contaminant emission control systems, in accordance with the Vehicle and Traffic Law" (ECL 19-0301 [1] [c]). Pursuant to ECL 19-0301 (2) (a), DEC was also given the responsibility to "[p]repare and develop a general comprehensive plan for the control or abatement of existing air pollution and for the control or prevention of any new air pollution recognizing varying requirements for different areas of the state".

■ Also without merit is petitioners' contention that the power to set standards and regulate emissions control and/or exhaust systems under ECL 19-0301 (1) (c), 19-0305 (2) (k) and 3-0301 (2) (n) is limited to vehicles already in use. Moreover, even if petitioners' position was accepted, there is sufficient authority conveyed in ECL 19-0301 (1) (a)-(b) and (2) (a) to sustain the Commissioner's promulgation of the regulations sub judice. Significantly, ECL 19-0301 (1) (b) (2) gives DEC the

power to prescribe "the extent to which air contaminants may be emitted to the air by any air contamination source".

■ Petitioners' argument that the new regulations cannot be found valid in the absence of specific legislative findings authorizing adoption of the California new motor vehicle emissions control standards in New York is rejected. The broad enabling legislation existing in New York was sufficient to permit DEC to adopt the California standards. Petitioners point out that both California and Massachusetts amended their enabling statutes to provide specifically for the adoption of the emission control regulations before adopting same, but this fact is not relevant to New York where legislation was unnecessary.

Petitioners' assertion that respondents usurped the Legislature's prerogative to formulate State policy by promulgating the new 6 NYCRR part 218 regulations is without merit. In complex or technical areas existing in the air pollution control field, the guidelines and standards established by the Legislature need not be precise *(see, Matter of Consolidated Edison Co. v Department of Envtl. Conservation,* 71 NY2d 186, 191). Instead, the Legislature need only provide statutory standards or guidelines "in so detailed a fashion as is reasonably practicable" *(Matter of Levine v Whalen,* 39 NY2d 510, 515). The Court of Appeals has stated the applicable legal principles governing promulgation of regulations by administrative agencies in *Matter of Nicholas v Kahn* (47 NY2d 24, 31): "The cornerstone of administrative law is derived from the principle that the Legislature may declare its will, and after fixing a primary standard, endow administrative agencies with the power to fill in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation * * * Indeed, the difficulty and complexity of most of these policy determinations mandates that the legislative body be permitted to provide for the implementation of basic policy through the use of specialized agencies concentrating upon one particular problem at a time". Contrary to petitioners' arguments, the case of *Boreali v Axelrod* (71 NY2d 1) is not controlling here. In *Boreali,* the Court of Appeals made clear that its conclusion rested on the coalescence of four circumstances *(supra,* at 11-14) which are not all present here. Respondents did not engage in policymaking by promulgating

the new part 218 regulations but, rather, proposed rules which implemented the goals and plan set forth by the Legislature *(see, e.g.,* ECL 19-0301).

WEISS, P. J., LEVINE, MERCURE and CASEY, JJ., concur.

Ordered that the judgment is affirmed, without costs.