■ In the Matter of RAINBOW BEACH ASSOCIATION, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents.—Mercure, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to, *inter alia,* review a determination of respondents which found that petitioner is operating a bathing beach subject to the provisions of 10 NYCRR subpart 6-2.

Petitioner is a not-for-profit corporation organized as a homeowners association on real property in the Town of Bolton, Warren County, improved with a private bathing beach on Lake George utilized exclusively by petitioner's 41 members and their families and guests. In 1989, petitioner made application for and obtained a permit from respondent Department of Health (hereinafter DOH) to operate a bathing beach pursuant to part 6-2 of the State Sanitary Code (10 NYCRR subpart 6-2), subject to submission of an acceptable safety plan. By its terms, the permit expired on October 31, 1989. Petitioner submitted the mandated two-year safety plan and was advised by DOH in April 1990 that no new plan was required for the 1990 season. By letter dated June 18, 1990, DOH advised petitioner that no permit application had been received for the 1990 season. On August 23, 1990, DOH charged petitioner with operation of a bathing beach without a valid permit. An administrative hearing was conducted, the charge was sustained and a $100 penalty was imposed. Following unsuccessful administrative appeal, petitioner challenged DOH's determination in this CPLR article 78 proceeding. Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804 (g).

Of the many claims advanced in the petition, we need only consider the contention that there is no statutory authority for the promulgation of 10 NYCRR subpart 6-2, at least to the extent that the regulations govern privately owned noncommercial bathing facilities. We begin with the proposition that, although an administrative agency cannot do by its regulations things that were never contemplated by the Legislature *(see, Matter of Campagna v Shaffer,* 73 NY2d 237, 242; *Boreali v Axelrod,* 71 NY2d 1, 9), a cornerstone of administrative law is that the Legislature may fix a primary standard and then endow agencies with the power "to fill in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation" *(Matter of Nicholas v Kahn,* 47 NY2d 24, 31; *see, Matter of Levine v Whalen,* 39 NY2d 510, 515; *Matter of Motor Vehicle Mfrs. Assn. v Jorling,* 181 AD2d 83, 87). Further, our standard of review in these matters is a limited one. The challenger "must establish that the regulation 'is so lacking in reason for its promulgation that it is essentially arbitrary' " *(Ostrer v Schenck,* 41 NY2d 782, 786, quoting *Matter of Marburg v Cole,* 286 NY 202, 212; *see, Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal,* 76 NY2d 325; *Matter of Bates v Toia,* 45 NY2d 460, 464). Viewed with these principles in mind, petitioner's challenge to the regulations is clearly unavailing.

The Legislature has granted to respondent Public Health Council explicit power to establish, amend and repeal the State Sanitary Code (Public Health Law § 225 [4]), which "shall have the force and effect of law" (Public Health Law § 229) and may "deal with *any* matters affecting the security of life or health or the preservation and improvement of public health * * * and with any matters as to which the [Public Health Council has] jurisdiction" (Public Health Law § 225 [5] [a] [emphasis supplied]). The Legislature has also delegated to DOH, *inter alia,* the authority to "supervise and regulate the sanitary aspects of * * * bathing establishments" (Public Health Law § 201 [1] [m]). It is our view that 10 NYCRR subpart 6-2, promulgated for the purpose of "assur-[ing] a sanitary, healthful and safe environment for the public when using bathing beaches" (10 NYCRR 6-2.1), fits comfortably within the broad delegation of power to adopt sanitary regulations dealing with matters "affecting the security of life or health or the preservation and improvement of public health" (Public Health Law § 225 [5] [a]) and, further, that the application of the regulations to all bathing beaches except

those "owned and/or maintained by an individual for the use of his family and friends" (10 NYCRR former 6-2.3 [a])* is reasonably necessary to ensure the fulfillment of the statutory and regulatory design *(see, Matter of Putnam Lake Community Council Bathing Beaches v Deputy Commr. of Health of State of N. Y.,* 90 AD2d 850, 851). Contrary to petitioner's contention, the case of *Boreali v Axelrod* (71 NY2d 1, *supra)* is not controlling here, as none of its four coalescing factors are present. It should suffice to note that the Legislature has clearly articulated a policy concerning the matter at hand *(see, supra,* at 13; *see also, Matter of New York State Health Facilities Assn. v Axelrod,* 77 NY2d 340, 346) by mandating that the Public Health Council regulate bathing beaches *(see,* Public Health Law § 201 [1] [m]).

Petitioner's remaining contentions are either unpreserved for judicial review or patently lacking in merit.

Levine, J. P., Mahoney, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.

---

* A September 18, 1992 amendment to 10 NYCRR 6-2.3 (a), effective October 7, 1992, exempts from the requirements of 10 NYCRR subpart 6-2 "bathing beaches owned and operated by * * * an incorporated or unincorporated property association, all of whose members own residential property in a fixed or defined geographical area with deeded rights to use, with similarly situated owners, a defined bathing beach, provided such bathing beach is used exclusively by members of the * * * association and their family and friends".