■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARLEY H. EAREL, Appellant. [632 NYS2d 689] —Casey, J. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered June 20, 1994, upon a verdict convicting defendant of the crime of rape in the first degree.

Defendant first contends that the bill of particulars provided by the prosecution was insufficient. A bill of particulars is not a discovery device; it serves to clarify the pleading (*People v Davis*, 41 NY2d 678, 680). Defendant requested a bill of particulars stating the date, time and place of the alleged rape and the conduct which constituted forcible compulsion within the meaning of Penal Law § 130.35. The People responded with a bill of particulars which stated the date, time and place of the alleged rape and that forcible compulsion consisted of either, or a combination of, the use of force or express or implied threats. The bill of particulars was sufficient to apprise defendant of the theory to be advanced at trial, but did not provide information as to the evidence to be used to prove that theory. Inasmuch as defendant was entitled only to the former and not the latter in a bill of particulars (*see*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 200.95, at 539-540; *cf.*, *People v Culver*, 192 AD2d 10, 15, *lv denied* 82 NY2d 716), County Court correctly concluded that the bill of particulars was sufficient.

Defendant next contends that County Court erred in refusing to order the victim to submit to a psychiatric examination. In *People v Passenger* (175 AD2d 944, 945), we noted the "sparse New York" authority to support a claim that the trial court has the power to order such an examination, and we also

recognized that "[s]ocial and legal considerations weigh heavily against a procedure which puts victims in sex abuse cases on trial". Nevertheless, we left the issue open in the *Passenger* case, concluding instead that if the trial court had the authority to order an examination, it did not abuse its discretion in refusing to do so in that case (*see, People v Gutkaiss*, 206 AD2d 628, 630, *lv denied* 84 NY2d 936). In view of the social and legal considerations recognized in the *Passenger* case, and considering a trial court's lack of inherent authority to compel pretrial discovery in criminal cases (*see, People ex rel. Lemon v Supreme Ct.*, 245 NY 24; Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.10, at 216), we hold that in the absence of any express statutory provision County Court lacked the authority to order the examination requested by defendant. In so holding, we conclude that the examination requested by defendant does not fall within any recognized area of constitutionally guaranteed access to evidence (*cf.*, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 240.10, at 216-217). Nor is there any suggestion that the victim was not competent to testify (*see, People v Beauchamp*, 126 Misc 2d 754).

Defendant's final contention is that the verdict is against the weight of the evidence. Applying the appropriate standard of review (*see, People v Bleakley*, 69 NY2d 490, 495), we see no basis to disturb the jury's verdict, including the credibility determinations necessarily contained therein. Despite defendant's claims that the victim had a motive to falsely accuse him of rape and that she had a history of psychiatric problems, the record as a whole does not support defendant's conclusion that the victim's testimony was unworthy of belief.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.