OPINION OF THE COURT
Gary J. Weber, J.
The defendant, by notice of motion dated February 5, 1997, has moved this court for an order directing the "Complainant Victims” as well as their mother to be examined and interviewed by the defendant’s expert psychiatric witness, Dr. David Gardner. The People have opposed this motion and have submitted an affirmation in response, dated February 25, 1997, by Ming Liu Parson, Esq. The defendant has submitted a reply affirmation dated February 26,1997. The materials above listed have been read and considered by the court in rendering the determination which follows.
The defendant has retained the services of Dr. Richard Gardner, a noted psychiatrist, for the purpose of evaluating the complainants and their mother in an effort to determine if the complainants’ reports of sexual abuse were fabrications which have been motivated by the "Parental Alienation Syndrome”.
Among other things, the defendant contends that he is involved in a bitter divorce proceeding with his wife, Susan Loomis, and that, inasmuch as she has had custody of the infant children during the pendency of the proceedings, she has had the opportunity to poison the minds of the children to the degree that these charges have been "trumped up” against him so as to facilitate the purposes of his estranged wife in bringing down the defendant by whatever means available.
Dr. Gardner, it is urged, is an expert at ferreting out such deceit but needs to interview the accusing children as well as the defendant and his wife in order to make a determination as to the validity of the charges.
New York has not definitively addressed the issue of whether a defendant can compel a psychiatric examination of a witness. (See, People v Earel, 89 NY2d 960, affg 220 AD2d 899.) According to Earel the threshold question is whether the defendant has demonstrated that such an examination, even if authorized in law, is required to ensure a fair trial. It is only if the defendant’s application should pass this threshold test that the right of the defendant to compel a psychiatric examination *267 might attach. (Supra; see also, People v Passenger, 175 AD2d 944; People v Baier, 73 AD2d 649.)
The "Parental Alienation Syndrome”, as far as this court can divine from the case law and the papers submitted, comes into existence when one parent uses his/her influence with his/her child to undermine the relationship between the child and the other parent. It typically arises when the parents are engaged in divorce proceedings or a custody dispute. The fact that a child, and in particular a child of tender years, might be subject to such undue influence and have his or her judgment and perceptions compromised by such conduct is a matter of common understanding and experience. Without doubt, under the circumstances, the topic will be the subject of thorough cross-examination and the court cannot conceive of a jury panel, under the circumstances of this case, that would disregard the prospect of undue influence by the custodial parent on the children, whether there was expert testimony raising the specter of such undue influence or not. The defendant, nonetheless, seeks to obtain an expert evaluation to "determine whether the accusations meet the criteria for true accusations or the criteria for false accusations” (defendant’s exhibit B), and to introduce the results, if favorable to his position, as evidence before the trial jury to be empaneled in this matter.
Testimony concerning "Parental Alienation Syndrome” has been admitted in courts in some States.[1] However, no cases have been found in New York allowing for the admission of testimony concerning the "Parental Alienation Syndrome”. Indeed, in Florida, a court applying the Frye rule held that Dr. Gardner’s "Sex Abuse Legitimacy Scale” was not generally accepted and was inadmissible. (Page v Zorn, 564 So 2d 500 [Fla Dist Ct App]; see also, Sherman, Gardner’s Law: A Controver *268 sial Psychiatrist and Influential Witness Leads the Backlash Against Child Sex Abuse "Hysteria” Natl LJ, Aug. 16, 1993, at 1, col 2.)
New York practice does not allow experts to offer an opinion on the ultimate issue of fact as to whether sexual abuse has occurred. The issue is strictly reserved to the trier of fact. (*People v Taylor, 75 NY2d 277 [1990].) The defendant’s expert purports to make such a determination by determining if a particular accusation has the criteria of a truthful accusation or a false accusation.
The defendant also urges that "C.P.L. Section 240.40(l)(c) as well as the Fourteenth Amendment gives this Court the discretion to order discovery to inspect any of the property which the People intend to use at the trial, upon a showing by the defendant that discovery with respect to such property is material to the defendant and that the request is reasonable”. (Affirmation of David H. Besso, Esq., in support of motion, Feb. 4, 1996, ¶ 5.)
It has long been held that CPL article 240 is to be strictly construed. When a statute is enacted which is in derogation of the common law, it must be strictly construed. (People v Marrero, 69 NY2d 382, 387; People v Whitestone Boosters Civic Assn., 191 Misc 121.)
It can hardly be said that any potential witness in this case can be classified as "property”. To interpret CPL 240.40 (1) (c) in such a way as to include witnesses within the ambit of the term "property” would not only pervert the literal meaning of the word "property”, but would also effectively subject every witness in a criminal trial to a possible deposition by the defense, prior to trial. While it has been argued that this may be desirable from a policy standpoint, there is no authority to the effect that this is the present state of the law, at least in New York under the CPL.
The defendant raises the concern that the People will offer expert testimony concerning the "Child Abuse Syndrome”. The court is mindful of the potential abuses of expert psychiatric witnesses offered by either party. (See, People v Riolo, Suffolk County Ct, Jan. 23, 1997, indictment No. 465-96, Weber, J. [child sexual abuse syndrome testimony prohibited]; see also, People v Archer, 232 AD2d 820.) Pursuant to the restraints *269 imposed by Taylor (supra) the People will be permitted, if circumstances otherwise are appropriate, to offer only general testimony concerning the effects of any admissible syndrome. Accordingly, the defendant’s motion is in all respects denied.

. Chase v Richardson, 1996 WL 434281 (Conn Super Ct, July 16, 1996, Steinberg, J.); In re Marriage of Trainor, 1996 WL 312488 (Wash Ct App, June 10, 1996, Kennedy, Ch. J.); In re John W., 41 Cal App 4th 961, 48 Cal Rptr 2d 899; White v White, 655 NE2d 523 (Ind Ct App 1995); State v Koelling, 1995 WL 125933 (Ohio Ct App, Mar. 21, 1995, Petree, J.); Conner v Renz, 1995 WL 23365 (Ohio Ct App, Jan. 19, 1995, Grey, J.); McCoy v State, 886 P2d 252 (Wyo 1994); In re Marriage of Rosenfeld, 524 NW2d 212 (Iowa Ct App 1994); Truax v Truax, 110 Nev 437, 874 P2d 10 (1994); Sims v Hornsby, 1992 WL 193682 (Ohio Ct App, Aug. 10, 1992, Young, J.); Wiederholt v Fischer, 169 Wis 2d 524, 485 NW2d 442 (Wis Ct App 1992); Zigmont v Toto, 1992 WL 6034 (Ohio Ct App, Jan. 16, 1992, Blackmon, J.); In re Violetta B., 210 111 App 3d 521, 568 NE2d 1345 (1991); Ochs v Martinez, 789 SW2d 949 (Tex Ct App 1990); In Interest of T.M.W., 553 So 2d 260 (Fla Dist Ct App 1989); Schutz v Schutz, 522 So 2d 874 (Fla Dist Ct App 1988); Coursey v Superior Ct., 194 Cal App 3d 147, 239 Cal Rptr 365 (1987).