OPINION OF THE COURT
Timothy J. Flaherty, J.
At issue is whether it is within the discretion of the court to *98 compel a witness for the prosecution to submit to a psychological examination by an expert selected by the defense, as part of the discovery process, and if so, whether or not it is appropriate to do so in this case. For the reasons that follow, the court concludes that it does not have any such authority, and further concludes that it would be an inappropriate exercise of discretion under the factual circumstances at bar.
The defendant has been indicted for the crimes of rape in the first degree, sodomy in the first degree, three counts of sexual abuse in the first degree, burglary in the first degree and burglary in the second degree, all crimes arising out of an incident wherein it is alleged, according to the bill of particulars, that while the complainant was returning to her home from her place of employment the defendant approached her from behind, pushed her into her house, forced her into her bedroom, pulled her pants and panties off, raped and sodomized her and then threatened to kill her if she told anyone about the incident.
In compliance with an order of the Honorable Joseph Kevin McKay, dated July 23, 2001, the prosecutor turned over to the defense grand jury testimony of Dr. Don Lewittes wherein he stated that he had conducted a psychological examination of the complainant, a woman in her early twenties, concerning her competence to testify and concluded, inter alia, that she had the mental capacity of an eight year old.
The defendant now seeks further discovery relief, including an order directing the District Attorney to make the complaining witness available for a psychological examination by an expert of the defense’s choosing. The defense argues that such an examination is an essential component of their anticipated challenge to the witness’s testimonial capacity at trial under Criminal Procedure Law § 60.20.
The District Attorney opposes the application, arguing that the testimonial capacity of a witness at trial is within the exclusive purview of the court and that Dr. Lewittes’ conclusions concerning the complaining witness’ testimonial capacity in the grand jury have already been judicially reviewed and upheld by another judge as part of a prior motion to inspect the grand jury minutes. They further argue that this court has no authority to grant the relief sought, that such relief would work an unwarranted intrusion upon the witness and that the factual circumstances at bar do not warrant the relief sought.
It is true that, as a threshold matter, the testimonial capacity of a witness falls within the exclusive purview of the trial *99 court (People v Parks, 41 NY2d 36 [1976]; People v Byrnes, 33 NY2d 343 [1974]). But merely because a witness has been found qualified to take the oath does not, by itself, bar a further challenge to the witness’s mental capacity by the defense. As former Associate Judge Matthew J. Jasen wrote in Parks (supra at 47),
“While it is true that the question of witness competency is a matter of law to be determined by the court, it is the traditional and exclusive province of the jury to determine whether the witness’ testimony should be credited and, if so, what weight it should be accorded. In this case, the court ruled that the complainant was legally competent to testify. The jury, of course, has no authority to challenge that determination. The jury, however, can, in discharge of its appropriate function, find, as a matter of fact, that the testimony of the witness, truthful or not, was too weak to be given any credit * * * In order that the jury may accurately appreciate the nature of the witness’ infirmity, the trial court, in its sound discretion, may permit experts or others with personal knowledge of the witness to explain and describe the witness’ condition.”
Thus, without seeking to preempt what is ultimately a decision for the trial judge, the resolution of this aspect of the motion requires a preliminary conclusion by this court that the mental state of this witness would be an appropriate area of inquiry by the defense upon the trial of this defendant. This court so finds. Section 60.20 (2) of the Criminal Procedure Law mandates that a court determines the testimonial capacity of a witness who is less than nine years old. The District Attorney’s expert has concluded that this witness has the mental capacity of an eight year old. In the court’s view, this alone establishes, at least prima facie, the relevance of the issue at trial.
As to whether or not a psychological examination of the complaining witness is an appropriate or authorized discovery right is another matter entirely. Article 240 of the Criminal Procedure Law, the discovery statute, does not expressly authorize such a right and I know of no court which has held otherwise. Whether the absence of express statutory authority is fatal to the defendant’s application, however, is an unsettled question of law in this state.
In People v Earel (220 AD2d 899 [3d Dept 1995]), that Court was faced with the refusal of the lower court to grant a similar *100 request by the defense to conduct a psychological examination of the rape victim. The Appellate Division held that “in the absence of any express statutory provision County Court lacked the authority to order the examination requested by defendant.” (Earel, supra, 220 AD2d 899, 900 [3d Dept 1995].) The Court of Appeals affirmed the order of the Appellate Division although it declined to reach the question of whether the lower court lacked the authority to grant the relief sought (People v Earel, 89 NY2d 960 [1997]).
The Appellate Division, Second Department, has not expressly passed on the question of the authority of the lower court to grant such an application. It has, however, on at least one occasion, upheld the refusal of a trial court to permit a psychiatric examination of a rape victim. In People v Baier (73 AD2d 649, 650 [2d Dept 1979]), the Court held that the “trial court committed no error in its denial of an examination of the complainant by either a court-appointed psychiatrist or a defense psychiatrist.” The Court went on to observe that “while the complainant’s credibility is in issue, she herself is not on trial, and a balance consequently must be struck between the necessity to protect the rights of the mentally impaired, and the right of the defendant to a fair trial (compare Matter of Brown v Ristich, 36 NY2d 183, 191-192, with People v Al-Kanani, 33 NY2d 260, 264)” (Baier, supra at 650-651).
Whether or not this court is bound by the express holding of the Third Department in Earel (supra) is itself problematical. In Mountain View Coach Lines v Storms (102 AD2d 663, 664 [2d Dept 1984]), that Court observed in dicta that, “the doctrine of stare decisis requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or this court pronounces a contrary rule.” (Citations omitted.) But since the Second Department has not yet considered the Third Department’s holding in Earel, it is at least arguable that the “rule” in this Department is the balancing test set forth in Baier. Therefore, this court does not believe that it is bound by Earel as a matter of stare decisis, although it will, of course, accord it “great respect and weight” as is required (People v Waterman, 122 Misc 2d 489, 495 n 2 [Crim Ct, NY County 1984, Lang, J.]; People v Salzarulo, 168 Misc 2d 408 [Sup Ct, NY County 1996, Fried, J.]).
That said, this court holds (1) that the remedy sought is not constitutionally mandated, (2) that the limited benefit such, an examination would enure to the defense is outweighed by the *101 unwarranted intrusion it would impose upon the witness, (3) that this court is without power to order discovery that is beyond that authorized by article 240 of the Criminal Procedure Law, and (4) that under the particular facts of this case, the relief sought is inappropriate.
One of the unsettled issues of law is whether this particular type of discovery request has constitutional underpinnings. The general rule, of course, is that there is no constitutional right to discovery (Weatherford v Bursey, 429 US 545 [1977], cited with approval in Matter of Miller v Schwartz, 72 NY2d 869 [1988]). As the Supreme Court held in Wardius v Oregon (412 US 470, 474 [1973]), “the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded.”
In upholding a trial court’s refusal to permit a pretrial examination of a witness the Third Department noted that arguments grounded in the 6th Amendment right to confrontation had been “invariably rejected” (People v Passenger, 175 AD2d 944, 945 [3d Dept 1991]). That Court reiterated its view that the claim lacked a constitutional foundation in deciding Earel four years later.
On the other hand, both the Baier Court and the Court of Appeals in Earel left the decision of the respective trial courts to refuse to allow a pretrial examination of the witness undisturbed on the grounds that the refusal did not impede the defendant’s right to a “fair trial,” a rationale that certainly invites an argument that constitutional issues are indeed implicated. Moreover, the Court of Appeals has expressly left the door open to the notion that there may be some instances when discovery is “constitutionally required” (People v Copi-cotto, 50 NY2d 222, 226 n 3 [1980]).
It is the opinion of this court, however, that, in the ordinary case, the existing tools available to the defense are more than adequate to insure that the issue is fully aired before the jury, and perforce would satisfy the defendant’s constitutional due process rights, his rights to confrontation of witnesses and his right to a fair trial. These would include, in addition to the right to cross-examine the witness, the right to cross-examine the People’s expert, the right to subpoena medical records under appropriate circumstances (see, People v Baier, 73 AD2d 649 [2d Dept 1979]), the right to call laywitnesses who have knowledge of the person who is mentally challenged (People v Parks, supra), the right to call expert witnesses who have already examined the individual in question (Parks, supra) and *102 the right to call an expert witness of one’s own choosing who, with the aid of subpoenaed material, could venture an opinion on the subject without the necessity of examining the mentally challenged individual (Earel, supra, 89 NY2d at 961). Accordingly, this court believes that a departure from the general rule that discovery is not an issue of constitutional import is unwarranted and declines to do so.
Separate and apart from my view that the relief sought is not constitutionally required is my recognition that such a judicial requirement would seriously intrude upon the dignity and privacy of an individual, who, if the allegations are true, has already been the victim of a terrible crime and who still faces the travail of testifying about it in open court. I join with those courts which have acknowledged and condemned the possible adverse impact that imposing this further burden upon a witness (Passenger, supra at 945; Baier, supra at 650-651; United States v Benn, 476 F2d 1127, 1131 [DC Cir 1972]), and would decline to do so as a matter of public policy, particularly in light of my already expressed opinion that the existing tools available to defense counsel are more than adequate to deal with the situation.
Accordingly, since I believe that the relief sought is neither constitutionally mandated nor otherwise warranted for policy reasons I see no justification to deviate from the general rule that “discovery is a matter of statute. Where no statutory right of discovery is provided, no substantive right of discovery exists (see, Matter of Miller v Schwartz, supra; Matter of Pittari v Pirro, 258 AD2d 202; Matter of Brown v Appelman, 241 AD2d 279; Matter of Sacket v Bartlett, 241 AD2d 97; Matter of City of New York v Gentile, 248 AD2d 382; Matter of Pirro v LaCava, 230 AD2d 909; Matter of Catterson v Rohl, 202 AD2d 420).” (Brown v Grosso, 285 AD2d 642, 643-644 [2d Dept 2001].) Accordingly, I conclude that since article 240 of the Criminal Procedure Law does not authorize the relief sought herein, this court lacks the authority to do so (People v Earel, 220 AD2d 899 [3d Dept 1995]). I do not agree with those courts of coordinate jurisdiction which have held that they were empowered to grant this form of relief in the interests of justice and/or under the authority of Judiciary Law § 2-b (3) (People v Griffin, 138 Misc 2d 279 [Sup Ct, Kings County 1988, Greenberg, J.], and People v Beauchamp, 126 Misc 2d 754 [Sup Ct, Bronx County 1985, Goldfluss, J.]) and decline to follow them. I note that in both cases those courts ultimately declined to grant the relief sought, on the particular facts before them.
*103 I would further note that even if my view were otherwise, the particular facts of this case would compel me to deny the relief sought herein. I note particularly in that regard that the People’s case is not grounded solely in the testimony of the complaining witness. The People have averred that they will be able to establish at trial that a sample taken from a vaginal swab taken from the complainant on the day of the incident matches the defendant’s DNA profile. As such, were I to have concluded that it has discretionary authority to grant the relief sought, I would have denied the application in any event.
Defendant also moves for an order compelling the District Attorney to provide defense counsel with a report of a serology test allegedly performed on the clothing of the defendant; providing defense counsel with a copy of a written report, if any, prepared by Dr. Lewittes of his examination of the complaining witness; and compelling the District Attorney to provide defense counsel with any and all medical records as they relate to the mental retardation of the complainant.
Defendant also seeks an order (1) directing the District Attorney to instruct all witnesses to bring to court all documents necessary for the People to comply with the requirements of People v Rosario (9 NY2d 286 [1961]), and further directing the District Attorney to similarly bring to court all of the documents in her possession necessary to comply with People v Consolazio (40 NY2d 446 [1976]).
In response, the District Attorney represents that, to her knowledge, no serology report exists and" no such test was made. The court therefore denies this portion of the application as moot, with leave to renew should it later develop that such a test was in fact performed.
As to the request for a written report from Dr. Lewittes, an order directing the District Attorney to provide, if it exists, a written report of Dr. Lewittes’ examination of the complainant has already been issued on July 23, 2001 by Honorable Joseph Kevin McKay. For this reason, and because the District Attorney has represented that no such report exists and has already complied with the alternative relief granted by Mr. Justice McKay by providing the defense with a copy of Dr. Le-wittes’ grand jury testimony, this portion of the application by the defense is denied as moot.
Defendant also seeks an order compelling the District Attorney to produce “medical records as they relate to [the complainant’s] mental retardation.” (Affirmation of Kirlyn H. Joseph para 4.) In light of the representation of the District At *104 torney that they are in possession of no such records, the application is denied as academic.
Finally, the court is confident that the prosecutor is aware of and will comply with her obligations under Rosario and Consolazio without the necessity of advance judicial intervention.