OPINION OF THE COURT
John H. Wilson, J.
This case presents two separate but related issues. First, must a child witness be presented to a court for a competency examination pursuant to CPL 60.20 (2) before the People may serve the supporting deposition of the child, and declare their readiness for trial? Second, must the People be charged with the time under CPL 30.30 until the court has had the opportunity to determine whether the child witness is competent to verify the criminal court complaint?
By motion dated May 19, 2011, defendant seeks dismissal of the criminal court complaint pursuant to CPL 30.30, asserting that the People have failed to comply with the time limitations imposed upon the prosecution of class A misdemeanors by that section.
The court has reviewed the court file, defendant’s motion, and the People’s response dated July 6, 2011, as well as the memorandums of law attached thereto.
Defendant’s motion is denied. The court finds that the People are charged with a total of 34 days in this matter. The child wit *857 ness need not be presented to the court for examination before the People can declare their readiness for trial; and the People are only charged with any unreasonable delays in providing the court with evidence of the child’s competency.
Statement of Facts
Defendant is charged with endangering the welfare of a child (Penal Law § 260.10), a class A misdemeanor, attempted assault in the third degree (Penal Law §§ 110.00, 120.00) and menacing in the third degree (Penal Law § 120.15), both class B misdemeanors, and harassment in the second degree (Penal Law § 240.26), a violation. Defendant is alleged to have twisted the arm of the complainant, who was eight years old at the time of the incident.
Defendant was arrested in the instant matter on September 24, 2010, and arraigned on September 27, 2010. The defendant was released, and this matter was adjourned for conversion of the criminal court complaint to November 8, 2010. Prior to that date, however, the People purport to have converted the complaint off calendar by serving a statement of readiness on defense counsel on October 22, 2010. This document was filed with the court on October 26, 2010.
Attached to the statement of readiness is the corroborating affidavit of a witness who confirms the date of birth of the child complainant, the corroborating affidavit of the eight-year-old child and the affirmation of an assistant district attorney attesting that the child complainant “understands the nature and importance of the oath to be sworn and is capable of giving evidence in a court of law.” (See affirmation of Rachel Ramsay-Lowe, Esq., dated Oct. 22, 2010.)
On November 8, 2010, defendant asserted that under CPL 60.20 (2), the People’s child complainant was incapable of being sworn based upon her age, and that the court must conduct an in camera examination of the child witness to determine the child’s ability to verify the criminal court complaint. Since defendant did not appear, a warrant for his arrest was issued and stayed, pending his appearance on December 20, 2010. The court also ordered a hearing to determine if the minor complainant could be sworn.
On December 20, 2010, the People stated not ready for the “swearability” hearing, indicating that a copy of the recording was “unavailable.” The matter was adjourned to February 3, 2011 for the “swearability” hearing.
*858 On February 3, 2011, the People again stated “not ready” for the “swearability” hearing. The court specifically directed the People to produce the recording of their voir dire of the complainant, and warned them that they would be charged under CPL 30.30 for the time until the tape was produced. The matter was then adjourned for the “swearability” hearing to March 22, 2011.
Prior to March 22, 2011, the People filed another statement of readiness with defense counsel and the court. Attached to the court’s copy was a letter from Assistant District Attorney Erin O’Connor, which stated that the “swearability tape for the child complaining witness” was attached.[1] Rather than file these documents directly with this court, these documents were placed in the court file, where they languished until March 22, 2011.
On that date, this court reviewed the recording, and found the child did understand the difference between truth and falsehood, and was competent to verify the criminal court complaint within the meaning of CPL 60.20 (2). The matter was then adjourned to May 19, 2011 for hearings and trial.
On May 19, 2011, the defendant filed the instant motion to dismiss.
Legal Analysis
The top count of the criminal court complaint herein is a class A misdemeanor. Thus, there is no dispute that 90 days is the applicable time limit for this matter. (See CPL 30.30 [1] [b]; People v Lang, 5 Misc 3d 1021[A], 2004 NY Slip Op 51474[U] [Crim Ct, Kings County 2004].)
Defendant asserts that the People must be charged with all the time from September 27, 2010 (defendant’s arraignment), until March 22, 2011 (the date the court held the “swearability hearing” in camera). Under CPL 60.20 (2), “[a] witness less than 9 years old may not testify under oath unless the court is satisfied that he or she understands the nature of the oath.” Therefore, since the People, and not the court, had certified the competency of the eight-year-old witness, “the People did not have a facially sufficient information at the time that they stated ready on October 25, 2010, this statement of readiness was illusory, and the People should be charged” with the time noted above. (See defendant’s motion, dated May 19, 2011, at 5.)
*859 It is certainly true that CPL 100.15 requires every accusatory instrument to contain two elements, (1) an accusatory portion designating the offense charged, and (2) a factual portion containing evidentiary facts which support or tend to support the charges stated in the accusatory portion of the instrument. These facts must provide reasonable cause to believe that the defendant has committed the crime alleged in the accusatory portion of the accusatory instrument. (See People v Dumas, 68 NY2d 729 [1986].)
Further, under CPL 100.40, a misdemeanor information is facially sufficient if the nonhearsay facts stated in said information establish each and every element of the offense charged, as well as the defendant’s commission of said crime. If both of these factors are present, then the information states a prima facie case, and is sufficient. (See People v Alejandro, 70 NY2d 133 [1987].)
“It is . . . well established that the failure to properly verify an accusatory instrument is a jurisdictionally fatal defect.” (See People v Minuto, 71 Misc 2d 800, 802-803 [Batavia City Ct 1972].) In many instances, “the lower court when evaluating insufficiency must also consider whether amendment, supersession, replacement or supplementation and conversion is still possible.” (See People v Gore, 143 Misc 2d 106, 109 [Crim Ct, Kings County 1989], citing Dumas.)
Though not expressly stated, defendant seeks dismissal of this matter for facial insufficiency. However, since the court did eventually review the tape of the infant complainant, and found the child could understand the nature of the oath, the information before the court is facially sufficient.
In the alternative, defendant is asking for the application of CPL 30.30 to the time it took the People to provide the court with evidence of the competency of the child witness to verify the criminal court complaint.
(A) Court’s Obligation to Determine the Competency of a Child to Verify the Complaint
There is no dispute that CPL 60.20 (2) imposes a duty upon the court to determine whether or not a witness is competent to testify under oath. (See People v Brown, 191 Misc 2d 97, 98-99 [2002] [“(T)he testimonial capacity of a witness falls within the exclusive purview of the trial court”].) However,
“there is no provision in section 100.30, or elsewhere in the Criminal Procedure Law, specifically address *860 ing the question of whether, or under what circumstances, a child . . . , presumed not competent to testify under oath pursuant to CPL 60.20 (2), may nonetheless be deemed competent to verify an accusatory instrument or supporting deposition.” (People v Soler, 144 Misc 2d 524, 525 [Crim Ct, NY County 1989].)
In Soler, the court adopted what it called the “majority view that the CPL 60.20 (2) competence presumption should apply in assessing the validity of a verification under CPL 100.30.” (144 Misc 2d at 526-527.) At the same time, the court also adopted the procedure used by the People in the instant matter—
“the examination of the child may be done, in conjunction with any of the out-of-court methods enumerated in section 100.30 (1) (b) through (e), by an Assistant District Attorney, provided that the voir dire is recorded and made available to the court for review as to the propriety of the prosecutor’s assessment of witness competence.” (144 Misc 2d at 527; see also People v King, 137 Misc 2d 1087 [Crim Ct, NY County 1988].)
For many years, courts have accepted the procedure described in Soler since “[t]his method satisfies due process and sufficiently protects defendant’s rights because the Court, and not the prosecutor, determine whether the witness is able to swear to the complaint.” (See People v L.G., 18 Misc 3d 243, 246 [Crim Ct, Kings County 2007] [citation omitted]; see also People v Phillipe, 142 Misc 2d 574, 587 [Crim Ct, Kings County 1989] [“verification by a minor of any age may be effectuated by any of the methods permitted by CPL 100.30 . . . [t]he child need not swear before the court. Neither must the court conduct a voir dire to determine the child’s understanding”]; People v Jane T., 13 Misc 3d 1243[A], 2006 NY Slip Op 52302[U], *2-3 [New Rochelle City Ct 2006] [“that the prosecutor should make this initial determination (of whether a minor has the capacity to understand an oath) is not only consistent with applicable statutory and case law, but is both practical and comports with the traditional role of the Court and prosecutor respectively”].)
This court will also accept this time-honored and practical procedure. Thus, there is no legal impediment to the People asserting their readiness for trial upon their finding that the child is competent to verify the criminal court complaint.
*861 (B) Applicability of CPL 30.30 to the Time before the Court’s Review of Child’s Competency
The heart of defendant’s argument is his assertion that the time limitations of CPL 30.30 run unimpeded until the court’s review of the child’s competency. Defendant’s position is that any statement of readiness by the People is “illusory” until the court actually verifies the competency of the child.
As discussed below, case law does not support defendant’s contention in this matter.
In People v Camacho (185 Misc 2d 31 [Crim Ct, Kings County 2000]), a case analogous to the instant matter, the defendant sought dismissal of the complaint pursuant to CPL 30.30 on the basis that the complaint failed to establish a prima facie case under CPL 100.40. There, the People had not filed a certificate of translation with their supporting deposition. The defendant did then bring this issue to the court’s attention during the pretrial phase of the case. (185 Misc 2d at 34.)
Citing Matter of Edward B. (80 NY2d 458 [1992]), the Camacho court discussed the difference between a latent defect and a facial defect. Where
“the case had proceeded beyond the pretrial stages and had entered the fact-finding stage, the need for [a facially sufficient] accusatory instrument . . . was no longer compelling . . . ‘since the accused has already been brought before the court and the witnesses are available to describe the case against the accused, in person and under oath.’ ” {See 185 Misc 2d at 34.)
Thus, a latent defect, such as the failure to provide a certificate of translation, is “dissipated” if such a defect is not noted until the time of trial {id.). “As the Legislature has foreseen, the . . . purpose of the statute is amply served by facial compliance.” (185 Misc 2d at 34, citing Edward B., 80 NY2d at 465; see also People v Antonovsky, 31 Misc 3d 1236[A], 2011 NY Slip Op 51009[U], *6 [Crim Ct, Kings County 2011] [“While the Complainant’s admission (that he had not read the complaint before signing a corroborating affidavit) means that the Complaint technically . . . contained hearsay, his testimony during the People’s direct examination effectively corroborated the contents of the Complaint”].)
When a latent defect is brought to the court’s attention at the pretrial stage, as occurred in Camacho, “the court . . . may, within its discretion, direct the People to correct the defect.” *862 (185 Misc 2d at 35, citing People v Banchs, 173 Misc 2d 415 [1997].)
Stating the general principle, the Camacho court ruled that where a court finds that the complaint is facially insufficient, whether the defect is latent or facial, curing the defect
“is imperative, because . . . the court’s jurisdiction is no longer assured. The People should be allowed a reasonable period of time, to be determined by the court depending upon the particular factual circumstances of the case, to file and serve the certificate. Any period of time beyond such reasonable period is chargeable to the People pursuant to CPL 30.30 . . .
“If the facts ultimately demonstrate that the complaint and/or supporting deposition were never adequately translated to the complaining witness (es), the court must find that the misdemeanor complaint was never converted and in the event the statutory speedy trial time period has elapsed . . . the case must be dismissed. Conversely, if the court finds that the complaint and supporting deposition . . . was properly converted at the time of the service and filing of the signed supporting deposition, and assuming the People’s continued readiness, the subsequent intervening period is not chargeable.” (Camacho, 185 Misc 2d at 36 [citations omitted].)
Thus, in the instant case, where we are still in the pretrial phase, were the court to have found the child incompetent to verify the complaint, “the prosecutor assumes the risk of defective verification . . . if he chooses to use one of the out-of-court methods.” (See Phillipe, 142 Misc 2d at 587.) In that instance, the court has the authority to fashion an appropriate remedy, which may include, but is not limited to, giving the People “leave to serve a Superceding Complaint . . . within the time constraints of CPL Sec. 30.30.” (See People v Childress, 25 Misc 3d 1244[A], 2009 NY Slip Op 52580[U], *9 [Crim Ct, Kings County 2009].)
However, in this case, since the child was found competent to verify the complaint, no such remedy is necessary. The information before the court is facially sufficient. Thus, CPL 30.30 is not invoked.
In other words, once the People filed and served the supporting deposition of the infant complainant, with an affirmation attesting to the competency of the child, the People satisfied the requirements of CPL 100.40. Once the court *863 found that the infant complainant was capable of understanding the oath, the People’s statement of readiness is verified as accurate. In either instance, the time limitations of CPL 30.30 do not apply.
Therefore, in this case, there is no basis to charge the People with the time between the defendant’s arraignment, and the court’s review of the competency of the child complainant.
(C) Additional CPL 30.30 Findings
The People will be charged with 28 days between September 27, 2010 and November 8, 2010. In People v Kendzia (64 NY2d 331, 337 [1985]), the Court of Appeals ruled that “there must be a communication of readiness by the People which appears on the trial court’s record. This requires either a statement of readiness by the prosecutor in open court ... or a written notice of readiness sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record” (emphasis added; see also People v Perre, 172 Misc 2d 976, 979 [Sup Ct, NY County 1997] [“(S)tatements (of readiness) were effective when made and filed with the court”]).
Here, the People did not notify the court of their readiness until October 26, 2010. Thus, if we exclude the day of arraignment from our calculations, the People should be charged with the time between September 27, 2010 and October 26, 2010, which is 28 days. (See People v Stiles, 70 NY2d 765 [1987]; People v Eckert, 117 Misc 2d 504 [Syracuse City Ct 1983].)
On November 8, 2010, the defendant did not appear in court, and a warrant was issued, but stayed pending defendant’s appearance on December 20, 2010. This adjournment is excluded. (See CPL 30.30 [4] [c]; People v Notholt, 242 AD2d 251, 254 [1st Dept 1997].)
On December 20, 2010, the People stated not ready for the “swearability” hearing since the recording of the People’s voir dire of their infant witness was unavailable. The matter was then adjourned to February 3, 2011 for the hearing.
Under the authority of Camacho, this time will not be charged to the People. In addition to the reasons stated above in section (B) of this opinion, 43 days is not a per se unreasonable amount of time to produce the subject recording. However, when the People again stated “not ready” for the hearing, the matter was adjourned to March 22, 2011. The court specifically warned the People that they would be charged until they produced the tape. The court file reflects that the tape was produced with a state *864 ment of readiness on February 10, 2011.[2] Thus, the People will only be charged with 6 days for the time between February 3, 2011 and March 22, 2011.
As noted above, on March 22, 2011, the court held the “swear-ability” hearing in camera, and found the infant complainant understood the nature of the oath, and was competent to verify the complaint. The matter was then adjourned to May 19, 2011 for hearings and trial. Since the People are afforded a reasonable opportunity to be ready for hearings and trial, this time is excluded. (See People v Fleming, 13 AD3d 102 [1st Dept 2004] [and cases cited therein].)
Since all subsequent adjournments have been for the purpose of considering defendant’s motion to dismiss, all further time is excluded under CPL 30.30 (4) (a). (See People v Hodges, 12 AD3d 527 [2d Dept 2004]; People v Sivano, 174 Misc 2d 427, 429 [App Term, 2d Dept 1997].)
Thus, since the People are charged with a total of 34 days in this matter, defendant’s motion to dismiss pursuant to CPL 30.30 is denied.
All other arguments advanced by the parties have been reviewed and rejected by this court as being without merit.

. The statement of readiness as well as Assistant District Attorney O’Connor’s letter are both dated February 18, 2011, however, the court’s copy of the statement clearly bears a criminal court date stamp of February 10, 2011.

. The court does not know why the People’s statement of readiness and attached letter are both dated February 18, 2011, however, since these documents are date stamped by the Clerk of the Court on February 10, 2011, this is the date the People’s statement of readiness appears on the court’s record. (See Kendzia and Perre, supra.)